NATIONAL SOCIALIST PARTY OF AMERICA ET AL. *v.*
VILLAGE OF SKOKIE

No. 76–1786.  Decided June 14, 1977

PER CURIAM.

On April 29, 1977, the Circuit Court of Cook County entered an injunction against petitioners.  The injunction prohibited them from performing any of the following actions within the village of Skokie, Ill.: "[m]arching, walking or parading in the uniform of the National Socialist Party of America; [m]arching, walking or parading or otherwise displaying the swastika on or off their person; [d]istributing pamphlets or displaying any materials which incite or promote hatred against persons of Jewish faith or ancestry or hatred against persons of any faith or ancestry, race or religion."
The Illinois Appellate Court denied an application for stay pending appeal.  Applicants then filed a petition for a stay in the Illinois Supreme Court, together with a request for

a direct expedited appeal to that court. The Illinois Supreme Court denied both the stay and leave for an expedited appeal. Applicants then filed an application for a stay with MR. JUSTICE STEVENS, as Circuit Justice, who referred the matter to the Court.

Treating the application as a petition for certiorari from the order of the Illinois Supreme Court, we grant certiorari and reverse the Illinois Supreme Court's denial of a stay. That order is a final judgment for purposes of our jurisdiction, since it involved a right "separable from, and collateral to" the merits, *Cohen* v. *Beneficial Loan Corp.*, 337 U. S. 541, 546 (1949). See *Abney* v. *United States,* 431 U. S. 651 (1977); cf. *Cox Broadcasting Corp.* v. *Cohn,* 420 U. S. 469, 476–487 (1975). It finally determined the merits of petitioners' claim that the outstanding injunction will deprive them of rights protected by the First Amendment during the period of appellate review which, in the normal course, may take a year or more to complete. If a State seeks to impose a restraint of this kind, it must provide strict procedural safeguards, *Freedman* v. *Maryland,* 380 U. S. 51 (1965), including immediate appellate review, see *Nebraska Press Assn.* v. *Stuart,* 423 U. S. 1319, 1327 (1975) (BLACKMUN, J., in chambers). Absent such review, the State must instead allow a stay. The order of the Illinois Supreme Court constituted a denial of that right.

Reversed and remanded for further proceedings not inconsistent with this opinion.

*So ordered.*

MR. JUSTICE WHITE would deny the stay.

MR. JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE and MR. JUSTICE STEWART join, dissenting.

The Court treats an application filed here to stay a judgment of the Circuit Court of Cook County as a petition for certiorari to review the refusal of the Supreme Court of

Illinois to stay the injunction. It summarily reverses this refusal of a stay. I simply do not see how the refusal of the Supreme Court of Illinois to stay an injunction granted by an inferior court within the state system can be described as a "[f]inal judgmen[t] or decre[e] rendered by the highest court of a State in which a decision could be had," which is the limitation that Congress has imposed on our jurisdiction to review state-court judgments under 28 U. S. C. § 1257. *Cox Broadcasting Corp.* v. *Cohn,* 420 U. S. 469, 476–487 (1975), relied upon by the Court, which surely took as liberal a view of this jurisdictional grant as can reasonably be taken, does not support the result reached by the Court here. In *Cox* there had been a final decision on the federal claim by the Supreme Court of Georgia, which was the highest court of that State in which such a decision could be had. Here all the Supreme Court of Illinois has done is, in the exercise of the discretion possessed by every appellate court, to deny a stay of a lower court ruling pending appeal. No Illinois appellate court has heard or decided the merits of applicants' federal claim.

I do not disagree with the Court that the provisions of the injunction issued by the Circuit Court of Cook County are extremely broad, and I would expect that if the Illinois appellate courts follow cases such as *Freedman* v. *Maryland,* 380 U. S. 51 (1965), and *Nebraska Press Assn.* v. *Stuart,* 423 U. S. 1319 (1975), relied upon by the Court, the injunction will be at least substantially modified by them. But I do not believe that in the long run respect for the Constitution or for the law is encouraged by actions of this Court which disregard the limitations placed on us by Congress in order to assure that an erroneous injunction issued by a state trial court does not wrongly interfere with the constitutional rights of those enjoined.