MORLAND ET AL. *v.* SPRECHER, JUDGE, UNITED
STATES COURT OF APPEALS FOR THE
SEVENTH CIRCUIT, ET AL.

No. 78–1904.  Decided July 2, 1979

PER CURIAM.

On March 26, 1979, the District Court for the Western District of Wisconsin entered a preliminary injunction restraining petitioners from publishing or otherwise disseminating an article entitled "The H-Bomb Secret: How We Got It, Why We're Telling It."  On June 21, 1979, one judge of the Court of Appeals for the Seventh Circuit denied in part petitioners' motion for an expedited hearing of their appeal.  That hearing is currently set for September 10, 1979.

Petitioners seek a writ of mandamus to the Court of Appeals ordering it to expedite their appeal.  They claim that parties who have been enjoined from engaging in constitutionally protected speech have a right to prompt appellate review of that injunction.  See *National Socialist Party* v. *Skokie*, 432 U. S. 43 (1977).  See also *Nebraska Press Assn.* v. *Stuart*, 423

U. S. 1319 (1975) (BLACKMUN, J., in chambers); *Nebraska Press Assn.* v. *Stuart,* 423 U. S. 1327 (1975) (BLACKMUN, J., in chambers). In view of their conduct in prosecuting their appeal before the Court of Appeals, however, we conclude that petitioners have effectively relinquished whatever right they might otherwise have had to expedited consideration.

The District Court's preliminary injunction was entered on March 26, 1979, yet petitioners waited until June 15, 1979, to file a meaningful motion for expedited review before the Court of Appeals. Prior to that time, petitioners (1) waited two weeks after the District Court entered its injunction before filing a notice of appeal, and then waited another week before proposing that the appeal be accorded special scheduling treatment; (2) in that proposal, suggested an 89-day briefing schedule that—as they knew—provided for oral argument in the case, at the earliest, 10 days after the Court of Appeals' summer recess was to begin; (3) at a subsequent prehearing conference held by the Senior Staff Attorney of the Court of Appeals, asked that the briefing and argument schedule they had originally proposed be extended by an additional three weeks, *i. e.,* into the latter half of July; (4) participated in a second prehearing conference in which a panel of the Court of Appeals discussed scheduling with the parties, and did not object either to the briefing schedule ordered by the court or to the September 10 hearing date; and (5) pursuant to the schedule discussed at the conference, took 81 days to file their opening brief on the merits. It was only upon the filing of that brief on June 15, 1979 (just four days before the Seventh Circuit's scheduled recess was to begin), that they sought expedition. Accordingly, as proposed by petitioners, the onus of expedition would have fallen entirely on the Government, which would have had a severely limited opportunity to respond to petitioners' opening brief, and on the Court of Appeals, whose conscientious attempts during the preceding two months—by way of two prehearing conferences and numerous

additional discussions with the parties—to manage its docket in an orderly fashion, would have been frustrated.

It is true that between May 8, 1979, and June 15, 1979, petitioners were unsuccessfully seeking reconsideration by the District Court based on newly discovered information. But that information did not affect the essentials of petitioners' legal argument in favor of expedited review of the District Court's March 26 order—*i. e.,* that ever since the order was issued, petitioners had been operating under an allegedly unconstitutional and irreparably injurious prior restraint against the publication of information subject to First Amendment protection. Because they chose not to make that argument to the Court of Appeals until long after it had ripened, and until they had taken close to three months to prepare their own brief on the merits, petitioners forbore any right to expedition that the Constitution might otherwise have afforded them.

The motion for leave to file a petition for writ of mandamus is

*Denied.*

MR. JUSTICE WHITE, with whom MR. JUSTICE BRENNAN joins, dissenting.

It is my view that the Court of Appeals, by declining to hear arguments until the conclusion of its summer recess, has unduly delayed plenary consideration of this case. And I do not agree with my Brothers that the petitioners have forfeited whatever rights to an early hearing they might otherwise have had. Our cases indicate that the proffered justification for an injunction against publication should be considered and verified or rejected by appellate courts without unnecessary delay. See *New York Times Co.* v. *United States,* 403 U. S. 713 (1971); *United States* v. *Thirty-seven Photographs,* 402 U. S. 363 (1971); *Freedman* v. *Maryland,* 380 U. S. 51 (1965); cf. *National Socialist Party* v. *Skokie,* 432 U. S. 43 (1977); *Nebraska Press Assn.* v. *Stuart,* 423 U. S. 1319 (1975) (BLACK-

MUN, J., in chambers); *Nebraska Press Assn.* v. *Stuart,* 423 U. S. 1327 (1975) (BLACKMUN, J., in chambers). As I see it, the Court of Appeals should schedule a hearing herein at the earliest date that is both practicable and consistent with mature consideration of the questions involved. I would have preferred the Court to have reached and stated this conclusion and then, on the assumption that the Court of Appeals would follow this Court's suggestion, to have withheld the issuance of the writ of mandamus. See *Connor* v. *Coleman,* 440 U. S. 612, 613–614 (1979); *Connor* v. *Coleman,* 425 U. S. 675, 679 (1976); *Bucolo* v. *Adkins,* 424 U. S. 641, 644 (1976); *Deen* v. *Hickman,* 358 U. S. 57, 58 (1958); cf. *National Socialist Party* v. *Skokie, supra,* at 44; *Nebraska Press Assn.* v. *Stuart, supra,* at 1325–1326. Of course, with or without advancement of the hearing schedule in the Court of Appeals, the petitioners, pursuant to 28 U. S. C. § 1254 (1), may request this Court to grant certiorari prior to judgment in the Court of Appeals.