## M. I. C., LTD., ET AL. v. BEDFORD TOWNSHIP

No. A–147.   Decided September 13, 1983

JUSTICE BRENNAN.

Applicants are the owner and operator of the West Point Auto Theatre, located in the Township of Bedford, Mich. They request that I issue a stay, pending decision of their appeal in the Michigan courts, of a preliminary injunction entered on May 23, 1983, by the Circuit Court for the County of Calhoun, enjoining them from exhibiting allegedly obscene films at the West Point Auto Theatre.[1]

On April 29, 1983, Bedford Township brought this action for common-law nuisance against applicants, seeking a preliminary injunction and claiming that the recent exhibition of two allegedly obscene films at the drive-in theater had created a public nuisance.   Following a hearing, the trial court granted the Township's motion.   The order, issued on May 23, 1983, enjoined applicants from displaying or projecting on the screen of the West Point Auto Theatre any films containing scenes of explicit sexual intercourse or other carnal acts.

---

[1] The application, initially directed to JUSTICE O'CONNOR as Circuit Justice, was, because of her unavailability, referred to me.

By its terms, the preliminary injunction was to continue in effect until a full trial on the matter was held or until further order of the court.

The next day, applicants appealed to the Michigan Court of Appeals, seeking immediate consideration of their application for a stay pending appellate review of the trial court's preliminary injunction. The Court of Appeals, on June 22, 1983, granted the motion for immediate consideration of the stay application but declined to issue a stay of the trial court's order. The court also directed that the case be placed on the calendar of the October 1983 session for a hearing on the merits. Applicants then sought similar relief from the Michigan Supreme Court, and, on August 16, 1983, that court denied both their motion for review prior to consideration of the appeal by the Court of Appeals and for a stay of the preliminary injunction. This application followed.

In support of their request for a stay, applicants principally contend that the delay entailed in processing their appeal before the Michigan Court of Appeals—a delay that they allege may extend up to six months[2]—violates the "procedural safeguards" that must attend the imposition by a State of a prior restraint on protected speech. *Freedman v. Maryland*, 380 U. S. 51, 58 (1965).

I recognize at the outset that there is a view that a Circuit Justice generally has authority to issue a stay of a state-court decision only where that decision is a "final judgment or decree" that is subject to review by this Court on writ of certiorari. 28 U. S. C. §§ 2101(f), 1257(3). The Michigan courts can be expected ultimately to review the trial court's decision and, in that sense, the judgment of the lower court is neither the final decision in this matter, nor one rendered by the State's highest court. But here, as in *National Socialist Party of America* v. *Village of Skokie*, 432 U. S. 43, 44

---

[2] This estimate of the appellate timetable is supported by an affidavit submitted by applicants, which respondent has not directly contradicted or refuted.

(1977), and *Nebraska Press Assn.* v. *Stuart,* 423 U. S. 1327, 1329–1330 (1975) (BLACKMUN, J., in chambers), the State's highest court has refused either to lift the challenged restraint or to provide for immediate appellate review. Such a failure indicates that the state court has decided finally to maintain the restraint in effect during the pendency of review. In this situation, I have no doubt that a Justice of this Court has full power to issue a stay.

Faced with situations similar to that presented here, this Court has repeatedly required that when a State undertakes to shield the public from certain kinds of expression it has labeled as offensive, it must "provide strict procedural safeguards including immediate appellate review. Absent such review, the State must instead allow a stay." *National Socialist Party of America* v. *Village of Skokie, supra,* at 44 (citations omitted). See also *Freedman* v. *Maryland, supra,* at 59; *Southeastern Promotions, Ltd.* v. *Conrad,* 420 U. S. 546, 560–562 (1975); *Vance* v. *Universal Amusement Co.,* 445 U. S. 308, 316–317 (1980); *Nebraska Press Assn.* v. *Stuart, supra,* at 1328–1330 (BLACKMUN, J., in chambers).

In this case it appears that in all likelihood appellate review of the preliminary injunction will not be completed for several months. During that time, the trial court's broad proscription will bar, in advance of any final judicial determination that the suppressed films are obscene, the exhibition of any film that might offend the court's ban. Because of the delay involved, this prohibition will remain in effect for a considerable period without any final judicial review of the trial court's order. In these circumstances, the requirement imposed by the First Amendment that a State provide procedures to "assure a prompt final judicial decision," *Freedman* v. *Maryland, supra,* at 59, has not been satisfied.

Accordingly, I will grant a stay of the preliminary injunction entered by the trial court on May 23, 1983, and amended on August 15, 1983, pending the disposition of applicants' appeal by the Michigan courts.