## RENAISSANCE ARCADE AND BOOKSTORE ET AL. v. COUNTY OF COOK ET AL.

No. A–173. Decided September 5, 1985

JUSTICE STEVENS, Circuit Justice.

On March 8, 1985, the Circuit Court of Cook County entered a permanent injunction which prohibits petitioners from operating their adult bookstores in certain unincorporated areas of Cook County, Illinois.* Petitioners' appeal from the injunction is currently pending in the Appellate Court of Illinois for the First Judicial District. On March 20, 1985, that court denied petitioners' motion for a stay of the injunction pending appellate review. On April 22, 1985, the Illinois Supreme Court likewise entered an order denying petitioners' motion to stay enforcement of the injunction pending review.

Petitioners filed an application for a stay with me in my capacity as Circuit Justice for the Seventh Circuit on August

---

*The authority for the Circuit Court's injunction is a zoning ordinance adopted by the Cook County Board of Commissioners which restricts "adult uses" and defines one such use, an "adult book store," as:

"An establishment having as a substantial or significant portion of its stock in trade books, magazines and other periodicals which are distinguished or characterized by their emphasis on matter depicting, describing or relating to 'Specified Sexual Activities' or 'Specified Anatomical Areas,' or an establishment with a segment or section devoted to the sale or display of such material." County of Cook, Ill., Zoning Ordinance, § 14.2 (1976), reprinted in Application, Exh. A2.

In their application, petitioners represent that their stay request "only concerns itself with the rights of adult bookstores." *Id.*, ¶ 19.

29, 1985. Because the application was not filed within 90 days of the Illinois Supreme Court's April 22, 1985, order, however, neither this Court nor a Justice thereof has the authority to treat the application as a petition for certiorari to review "the merits of petitioners' claim that the outstanding injunction will deprive them of rights protected by the First Amendment during the period of appellate review," *National Socialist Party* v. *Skokie,* 432 U. S. 43, 44 (1977) *(per curiam).* See 28 U. S. C. § 2101(c). Moreover, because the application does not indicate that the appeal will become moot unless a stay is granted, it does not appear that an extraordinary writ may be issued pursuant to 28 U. S. C. § 1651 in aid of this Court's appellate jurisdiction. Accordingly, the application is denied.