SMITH, Chief Judge.
Respondents,[1] four corporations operating industrial facilities in Duval County, were indicted by the grand jury for allegedly emitting noxious smells into the air causing a nuisance. In addition to the indictments, the grand jury returned a presentment which the respondents sought to repress. Petitioner, Florida Publishing Company, filed a petition for writ of mandamus in the trial court to compel release of the presentment by the circuit court clerk. In two separate orders, one addressing respondents’ motion to repress, the other addressing the petition for mandamus, the trial court ordered the presentment unsealed.
The four corporations filed eight separate appeals in this court which have been consolidated and are presently pending consideration.[2] The corporations successfully obtained stays of the orders unsealing the presentment pending appellate review. Petitioner, Florida Publishing Company, has sought review of these stay orders pursuant to rule 9.100(d), Florida Rules of Appellate Procedure.[3] We issued an order to show cause. Upon consideration of the response and reply, we have determined that these stay orders are not reviewable under rule 9.100(d) and the petition is denied.
*907 Rule 9.100(d)(1) provides for an expedited review of an order excluding the press or public from access to any judicial record not required by law to be confidential.[4] Petitioner is not seeking review of an order excluding the press from a judicial record but has instead sought review of stay orders granted under Rule 9.310(a); Florida Rules of Appellate Procedure. Petitioner has failed to demonstrate that the trial court abused its discretion in entering the stay orders.
According to the Committee Notes to Rule 9.100(d), subsection (d) was added to implement the “strict procedural safeguards” requirement laid down by the United States Supreme Court in National Socialist Party of America v. Village of Skokie, 432 U.S. 43, 97 S.Ct. 2205, 53 L.Ed.2d 96 (1977). In Skokie, the Cook County Circuit Court entered an injunction prohibiting the National Socialist Party from marching, walking, parading, or otherwise displaying the swastika. The Socialist Party sought review and the state appellate courts refused to grant a stay pending review. The National Socialist Party sought review in the United States Supreme Court, which held that if a state seeks to impose a restraint of this kind, it must provide strict procedural safeguards including immediate appellate review, and absent such review, it must instead allow a stay.
Though there are obvious differences between this case and Skokie, we recognize the first amendment implications of this litigation. Therefore, while we agree with respondents that the rights of all parties will be fully protected by permitting the consolidated appeal in Case Nos. 88-01925 through 88-01932 to proceed for a final determination of the issues which have concomitantly been raised in this proceeding, we agree that respondents’ pending consolidated appeal should be expedited in order to obtain a more immediate appellate review. Accordingly, by a separate unpublished order we have today ordered the consolidated appeal in Case Nos. 88-01925 through 88-01932 to proceed on an expedited basis.
Petition DENIED.
MILLS and NIMMONS, JJ., concur.

. Jefferson Smurfit Corporation, SCM Glidco Organic Corporation, Seminole Kraft Corporation, and Union Camp Corporation.

. These appeals are Case Nos. 88-01925 through 88-01932.

. This rule provides in pertinent part:
(d) Exception; Orders Excluding Press or Public.
(1) A petition to review an order excluding the press or public from access to any proceeding, any part of a proceeding, or any judicial records, if the proceedings or records are not required by law to be confidential, shall be filed in the court as soon as practicable following rendition of the order to be reviewed, if written, or announcement of the order to be reviewed, if oral....
(2) The court shall immediately consider the petition to determine whether a stay of proceedings in the lower tribunal is appropriate, and on its own motion or that of any party the court may order a stay on such conditions as may be appropriate.

. Respondents unsuccessfully urged below that the presentment could be repressed pursuant to section 905.28(1), Florida Statutes (1987). Review of the trial court’s ruling on the 905.28(1) motions is presently pending in the consolidated appeal. Though section 905.28(2) provides that a section 905.28(1) motion acts as an automatic stay of public announcement of the designated grand jury report pending appellate review by the district court of appeal, the trial court apparently felt that section 905.28(2) was inapplicable since it entered the stay orders in this case pursuant to rule 9.310(a), Florida Rules of Appellate Procedure. Because we resolve this case on other grounds, we will not here determine the correctness of the trial court’s assumption.