WIGGINTON, Judge.
Appellants, private corporations which operate manufacturing plants in Jacksonville, appeal an order denying their motions to repress a grand jury presentment and an order granting appellee Florida Publishing Company’s petition for writ of mandamus to review and copy the presentment. We affirm.
On June 14, 1988, a Duval County grand jury issued indictments against appellants charging each of them with causing annoying odors and creating odor nuisances, in violation of section 823.01, Florida Statutes, and section 376.110, Jacksonville Municipal Ordinances. On the same day, the grand jury issued a presentment in regard to its investigation of the odor nuisance problem and appellants’ contribution thereto, and recommended that measures be taken to improve the problem. Appellants immediately filed motions pursuant to section 905.-28(1), Florida Statutes,[1] to repress the presentment on various grounds. Thereupon, the presentment was withheld pending hearing on the motions. Florida Publishing Company (FPC) filed a petition for writ of mandamus, seeking to compel release of the presentment.
After a hearing, the trial judge denied appellants’ motions to repress the presentment on the ground that appellants are not entitled to relief under section 905.28(1), which is applicable only to individuals who have not been indicted unlike here where the grand jury issued indictments along with the presentment while acting within its authority to investigate criminal matters and every offense that affects the health, sanitation, and welfare of citizens. He further determined that appellants had not met their burden, pursuant to Miami Herald Publishing Company v. Lewis, 426 So.2d 1 (Fla.1982) to overcome the First Amendment rights of the grand jury, media, and public in showing their entitlement to repression. In his order granting FPC’s petition for writ of mandamus, the judge determined that FPC is entitled to inspect and copy the presentment due to the following rationale: The presentment is a public record [2] as section 905.28(1) does not protect it for even the fifteen days provided in the statute since indictments were filed with the presentment and since appellants did not meet the Lewis requirements to show sufficient due process considerations to overcome the First Amendment interests in releasing the presentment. The trial judge then issued stay orders pending appellate review, which this Court affirmed in In Re: Grand Jury Presentment, 534 So.2d 905 (Fla. 1st DCA 1988).
Thereafter, appellants filed in this Court a motion to supplement the record on appeal to show that the indictments against them had been dismissed, thereby leaving them “unindicted” for purposes of the application of section 905.28. FPC responded that the indictments were replaced by in-formations, thereby leaving appellants the same opportunity for vindication through a public trial that they would have had under the indictments; thus, under the rationale of Miami Herald Publishing Company v. *723 Marko, 352 So.2d 518 (Fla.1977), appellants still are not entitled to repression under section 905.28. This Court denied the motions to supplement but declared that it would take judicial notice of the proceedings in the lower tribunal in accordance with Gulf Coast Home Health Services of Florida, Inc. v. Department of Health and Rehabilitative Services, 503 So.2d 415 (Fla. 1st DCA 1987).
Classifying the instant presentment as a civil presentment, appellants argue that a civil grand jury presentment against a private entity is improper because presentments should relate only to matters involving public officials or public monies. Marko; Kelly v. Sturgis, 453 So.2d 1179 (Fla. 5th DCA 1984) and In Re: Presentment of Grand Jury (Freeport School Project) Winter Term 1988, 544 So.2d 1104 (Fla. 1st DCA 1989). However, as recognized in Freeport School Project, grand juries are within their legitimate function to investigate and present upon criminal activity or matters involving public officials and public monies. Section 905.165, Florida Statutes, also provides that the “grand jury may make presentments for offenses against the criminal laws....” Since the grand jury in the instant case issued this presentment and limited its scope to matters within its function of investigating criminal activity and, in fact, issued indictments in that regard, it was acting within its legitimate powers.
Further, since the instant presentment was accompanied by indictments, the procedures provided by section 905.28 are not available to appellants. The Marko decision sets forth the rationale for a distinction between indicted and unindicted individuals for purposes of application of section 905.28. Therefore, since section 905.28 relief was not available to appellants, the trial court did not impose an improper burden upon appellants to overcome First Amendment rights to the release of this presentment, which became a public document when issued.
We have considered the remaining points raised by appellants and find them to be without merit.
AFFIRMED.
THOMPSON and NIMMONS, JJ., concur.

. Section 905.28(1), Florida Statutes, provides:
(1) No report or presentment of the grand jury relating to an individual which is not accompanied by a true bill or indictment shall be made public or be published until the individual concerned has been furnished a copy thereof and given 15 days to file with the circuit court a motion to repress or expunge the report or that portion which is improper and unlawful. (Emphasis supplied.)

. Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113, 118 (Fla.1988).