No. A–752.   HIRSH ET AL. *v.* CITY OF ATLANTA, GEORGIA.
Super. Ct. Ga., Fulton County.   Application for stay, presented
to JUSTICE KENNEDY, and by him referred to the Court, denied.

JUSTICE STEVENS, concurring.

It would be irresponsible to attempt to distinguish *National
Socialist Party of America* v. *Skokie,* 432 U: S. 43 (1977), on the
basis of any difference in the content of the speech involved in that
case and the content of the speech involved in this.   It is entirely
proper, however, to draw a distinction between injunctive relief
imposing time, place, and manner restrictions upon a class of per-
sons who have persistently and repeatedly engaged in unlawful
conduct, on the one hand, cf. *National Society of Professional En-
gineers* v. *United States,* 435 U. S. 679, 697–698 (1978); *United
States* v. *Paradise,* 480 U. S. 149, 193 (1987) (STEVENS, J., con-
curring in judgment), and an injunction that constitutes a naked
prior restraint against a proposed march by a group that did not
have a similar history of illegal conduct in the jurisdiction where
the march was scheduled.   Cf. *Organization for a Better Austin*
v. *Keefe,* 402 U. S. 415, 419–420 (1971); *Shuttlesworth* v. *Birming-
ham,* 394 U. S. 147, 162–163 (1969) (Harlan, J., concurring).   I
would not extend the holding in the *Skokie* case to this quite dif-
ferent situation.   For that reason, I think the Court correctly
exercises its discretion to deny the application for extraordinary
relief in this case.

JUSTICE KENNEDY, with whom JUSTICE BRENNAN, JUSTICE
MARSHALL, and JUSTICE SCALIA join, dissenting.

A Georgia trial court issued an injunction prohibiting at least
one of the applicants from engaging in certain means of public
protest.   The Supreme Court of Georgia refused to stay the in-
junction pending appeal.   *National Socialist Party of America* v.
*Skokie,* 432 U. S. 43 (1977), does not distinguish among speakers
based on the content of their speech.   Its terms, in my view, re-
quire us to treat the stay application as a petition for certiorari,
to grant certiorari, and to reverse the denial of a stay by the Su-
preme Court of Georgia.   See *id.,* at 44.   I dissent from the de-
nial of the stay.