**GRAND BRITTAIN, INC., d/b/a Brittain Adult Bookstore, d/b/a Grand Street Adult Theater and Bookstore, Plaintiff–Appellant,**

v.

**The CITY OF AMARILLO, TEXAS, Defendant–Appellee.**

**No. 93–1434.**

United States Court of Appeals, Fifth Circuit.

July 26, 1994.

Order Denying Rehearing Aug. 24, 1994.

Michael W. Gross, Arthur M. Schwartz, Denver, CO, for appellant.

Merrill E. Nunn, City Atty., Amarillo, TX, for appellee.

Before GOLDBERG, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Grand Brittain, Inc., operator of an adult bookstore and an adult theater in Amarillo, Texas, sued the city alleging that local adult business ordinances violated the First and Fourteenth Amendments.* The district

---

* These Amarillo ordinances are attached as Appendices A, B, and C. *See generally* Amarillo, Tex., Ordinance 5862 (June 18, 1990) (zoning); Amarillo, Tex., Ordinance 5863 (June 18, 1990)

court held portions of the ordinances unconstitutional, severed them, and upheld the remainder. Grand Brittain, on appeal, alleges a lack of adequate procedural safeguards and a failure to permit adult businesses to operate. We affirm except in one respect.

On June 12, 1990, Amarillo passed Ordinance No. 5862 amending the zoning chapter of the Amarillo Municipal Code by adopting adult business regulations governing viewing booths, requiring spacing from uses determined incompatible by the city commission, regulating zoning district locations, requiring specific use permits, and requiring amortization of nonconforming uses. On the same day, the city passed Ordinance No. 5863 amending the amusements chapter of the Amarillo Municipal Code by requiring adult businesses to obtain a license from the Chief of Police, requiring compliance with other municipal codes, prohibiting minors from the businesses, and regulating the viewing booths.

In June 1991, the Texas Legislature amended Chapter 243 of the Texas Local Government Code to give district courts jurisdiction to hear appeals from licensing decisions affecting adult businesses. Amarillo passed Ordinance No. 5942 on December 24, 1991, amending the amusement chapter of the Amarillo Municipal Code, as already amended by Ordinance No. 5863, to limit the time in which adult business licenses must be granted and to incorporate the appeal provision of Chapter 243 of the Texas Local Government Code.

## I.

■ Ordinance 5862 requires that structures housing adult businesses be located at least 1,000 feet from residential zoning districts and from residences, churches, public or denominational schools, hospitals, licensed child care facilities, hotels, motels, parks, playgrounds, play fields, public stadiums, other adult businesses, or religious, charitable, or philanthropic institutions. Grand Brittain operates adult businesses within 1000 feet of residential properties and, under

(licensing), *as amended by* Amarillo, Tex., Ordinance 5942 (Jan. 2, 1992) (procedural safe-

Ordinance 5862, must relocate them within three years after the effective date of the ordinance to a light or heavy industrial zone.

Under *City of Renton v. Playtime Theatres, Inc.,* 475 U.S. 41, 46–48, 106 S.Ct. 925, 928–929, 89 L.Ed.2d 29 (1986), Ordinance 5862 must preserve ample alternative means of communication. Grand Brittain complains that the ordinance will force its establishments into locations that cannot support a commercial enterprise. The district court isolated 63 locations as "legally and physically suitable and feasible" for adult businesses, of which the court noted that 90% are "undeveloped" and without infrastructure and utilities, that no more than five have existing structures, and that only two have available buildings. Grand Brittain accepts these findings but complains that adult businesses cannot relocate to these sites and still have adequate means of communication.

The district court properly found that Ordinance 5862 did not unreasonably harm Grand Brittain's business prospects. In *City of Renton,* the Court upheld a similar zoning ordinance. The outcome did not rest on the availability of "commercially viable" alternative sites, but on the fact that the city provided a "reasonable opportunity" for the relocation of displaced adult businesses. *Id.* at 54, 106 S.Ct. at 932. Ordinance 5862 may not guarantee Grand Brittain desirable commercial properties, but it affords a reasonable opportunity to bid in the commercial real estate market.

We have recognized the difference between promising a commercially viable alternative site and affording a reasonable opportunity to operate an adult business at a new location. In *Woodall v. City of El Paso,* 950 F.2d 255, 261 n. 5 (5th Cir.), *modified,* 959 F.2d 1305 (5th Cir.1992) (per curiam), *cert. denied,* — U.S. —, 113 S.Ct. 304, 121 L.Ed.2d 227 (1992), as modified, we held that land is not reasonably available if its physical and legal characteristics make it impossible for any adult business to relocate there. We do not suggest that whether a location is

guards).

economically desirable is not relevant to an alternative means calculus. *See also Lakeland Lounge v. City of Jackson,* 973 F.2d 1255 (5th Cir.1992). Indeed, physical and legal characteristics and economic desirability are interrelated. Rather, the question is whether the city offers sites from a commercial real estate market—that is, sites that businesses can locate on. Whether a particular business can succeed on such sites is not the question and it could not be, as a practical matter.

As noted in *Topanga Press, Inc., et al. v. City of Los Angeles,* 989 F.2d 1524, 1529 (9th Cir.1993), almost all legal and physical impediments to use may be recast as economic barriers. The *Topanga Press* court explained that the sites at issue in *Renton* and *Woodall* were part of the commercial real estate market. *Id.* at 1529–30. In short, *City of Renton* and *Woodall* ensure that adult businesses have access to a commercial real estate market, but do not guarantee that a specific adult business can obtain existing commercial sites at low cost and with "market" access to assure its prosperity. *City of Renton,* 475 U.S. at 54, 106 S.Ct. at 932; *Woodall,* 950 F.2d at 255.

Our question then is whether the 63 sites identified by the district court give Grand Brittain a reasonable chance to compete in the commercial real estate market. Bill Moore testified that most sites have electricity available and that many of them have gas available, but that some of them would require water and sewer extensions. He stated that approximately ten of the chosen sites had topographical problems that made them undesirable and that only one lacked street access. Mr. Moore also testified that no alternative sites were landlocked or under current use by a government entity. Jimmy Davis questioned the appropriateness of some of the sites as alternative venues under the zoning restrictions, but did not question that a number of these sites could be transformed into productive commercial property. We agree with the district court that the city furnished adequate alternatives.

## II.

■ In *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 227–30, 110 S.Ct. 596, 605–07,

107 L.Ed.2d 603 (1990) (plurality opinion), Justice O'Connor, writing for Justices Stevens and Kennedy, and joined in the judgment by Justices Brennan, Marshall, and Blackmun, stated that content-neutral regulations contain adequate procedural safeguards when (1) any prior restraint before judicial review of the licensing process is for a specified brief period during which the status quo is maintained; and (2) there is prompt judicial review after denial of a license. The Amarillo ordinances are content-neutral, and *FW/PBS* measures adequacy of its procedural safeguards.

Ordinance 5942 provides that an applicant denied a license may appeal to the district court and that a licensee may abate a revocation by similarly appealing and obtaining a temporary restraining order. Grand Brittain argues that the regulation guarantees neither a brief interim restraint on protected speech pending judicial resolution nor a swift final judicial decision. Grand Brittain also argues that Ordinance 5942 should provide for a mandatory stay in the absence of immediate judicial review. We agree with the district court that the regulation contains adequate procedural safeguards, except in one respect.

In *Freedman v. Maryland,* 380 U.S. 51, 59, 85 S.Ct. 734, 739, 13 L.Ed.2d 649 (1965), Justice Brennan stated that a challenged ordinance must guarantee a specified brief period "in advance of a final judicial determination on the merits." Justice O'Connor in *FW/PBS* variously recast this standard as a specified brief period "prior to judicial review" and as a specified brief period "prior to issuance of a license." We have interpreted this language to require only access to the courts within a specified brief period. *See TK's Video, Inc. v. Denton County,* 24 F.3d 705, 708 (5th Cir.1994).

A denied applicant can immediately challenge the regulatory decision in court and request a temporary restraining order to prevent closing a business. The ordinance also requires a licensing decision within eleven days, reinspection within three working days, and issuance of a license within a day

after the correction of any deficiencies in an application. These restraints meet the specified brief period requirement.

■ Grand Brittain acknowledges availability of a temporary restraining order, but challenges the absence of a mandatory stay. The availability of expeditious judicial review and the possibility of a temporary restraining order obviate the need for an automatic stay. *National Socialist Party v. Village of Skokie,* 432 U.S. 43, 44, 97 S.Ct. 2205, 2206, 53 L.Ed.2d 96 (1977). We agree with the district court in every respect, except one. The status quo required by *FW/PBS* mandates that the city cannot regulate under the adult business regulation an operating adult business during a revocation proceedings until the Chief of Police's licensing decision is final. The ordinance does maintain the status quo during a revocation proceeding by providing that "a licensee may abate the revocation by filing an appeal with the district court and obtaining a temporary restraining order." The ordinance does not address a business operating when the ordinance became effective. The status quo must be similarly maintained for those businesses, such as Grand Brittain. *TK's Video,* 24 F.3d at 707–708.

### III.

The district court is affirmed except in one respect. The case is remanded to the district court with the instruction to enter judgment declaring that until the Chief of Police's licensing decision becomes final, the city cannot regulate under the adult business regulation a business operating on the effective date of the ordinance and seeking a license.

AFFIRMED IN PART and REMANDED WITH INSTRUCTION.

1072

## ADDENDUM A
## EXHIBIT A

### ORDINANCE NO. 5862

Published·
6/18/90
6/25/90
Effective
7/6/90

AN ORDINANCE AMENDING CHAPTER 4-10, ZONING, OF THE AMARILLO MUNICIPAL CODE BY ENACTING REGULATIONS OF ADULT BUSINESSES, ENACTING DEFINITIONS, REGULATING VIEWING BOOTHS, REQUIRING SPACING FROM OTHER AND LIKE USES, REQUIRING AMORTIZATION OF NONCONFORMING USES, ALL AS MORE FULLY SET OUT HEREIN, PROVIDING FOR A PENALTY AND AN EFFECTIVE DATE.

WHEREAS, the City Commission finds that:

1.   The Legislature of the State of Texas has found that sexually oriented businesses may be detrimental to the public health, safety and welfare of a community by contributing to the decline of neighborhoods and contributing to the growth of criminal activity;

2.   The Legislature of the State of Texas has granted cities and counties specific authority to regulate sexually oriented businesses in Chapter 243, Texas Local Government Code;

3.   The City of Amarillo as a home-rule city has other authority under the Texas Constitution and Local Government Code to enforce ordinances to protect the health, safety and welfare of its citizens;

4.   The definition of sexually oriented business in Chapter 243, Texas Local Government Code, includes an Adult Business as defined herein;

5.   Studies from other cities such as Austin, Texas; Indianapolis, Indiana; St. Paul, Minnesota; Phoenix, Arizona; Issaquah Creek, Washington; and Beaumont, Texas, have been digested and presented to the City Commission, which studies support studies by the City of Amarillo which find that Adult Businesses have an adverse effect on property values, contribute to an increased crime rate in neighborhoods containing Adult Businesses, show an increase in sex-related crimes in such neighborhoods, and show a compounding of ill effects when two or more sexually oriented businesses are located in close proximity;

6.   Sexually transmitted diseases are a legitimate public health concern, which diseases can be controlled to a certain extent by regulation of certain aspects of sexually oriented businesses;

—1—

7. .The deleterious effects recognized by the Texas Legislature, some of which are found herein, of sexually oriented businesses in general and Adult Businesses in particular, can be regulated without infringing on constitutionally protected rights of free speech and due process of law, among others, and those effects are the aim of the regulations imposed herein notwithstanding those proponents who advocate regulations that violate constitutionally protected rights; and

8. The public health, safety and welfare of the community would be well served by adopting the Ordinance contained herein; therefore,

BE IT ORDAINED BY THE CITY COMMISSION OF THE CITY OF AMARILLO:

SECTION 1. That Chapter 4-10, Zoning, of the Amarillo Municipal Code is hereby amended by enacting regulations of Adult Businesses. The amendments to such sections shall appear and require as follows:

A. Section 4-10-82, Use of Land and Buildings, E-Recreational and Entertainment Uses. Add to the Schedule of Uses Adult Business (24a) in Light Industrial and Heavy Industrial Zoning Districts with a Specific Use Permit.

B. Section 4-10-83, Special definitions and explanations noted in use regulations.

(24a) Adult Business:

Any business activity which offers the opportunity to view Specified Sexual Activity or view, or touch, for entertainment, Specified Anatomical Areas. Such definition further includes but is not limited to Adult Arcade, Adult Bookstore/Film Store, Adult Cabaret, Adult Lounge, Adult Motel or Hotel, Adult Retail Store, and an Adult Theater.

C. Section 4-10-3, General Definitions.

Adult Arcade: A business which offers its customers in one or more Viewing Booths motion or still pictures characterized by exposure of Specified Anatomical Areas.

Adult Bookstore/Film Store: A business in which a substantial portion of its stock in trade consists of books, videos, tapes, cassettes, photographs, slides, magazines, and other periodicals which are distinguished or characteriz- by an emphasis on Specific Sexual Activities or S cified Anatomical Areas, or both.

Adult Cabaret: A business which offers to customers live performances characterized by exposure of Specified Anatomical Areas.

Adult Lounge: An Adult Cabaret which serves alcoholic beverages.

Adult Motel or Hotel: A business which offers its customers a sleeping room or sitting room for a period of time less than 10 hours and provides motion picture or still picture entertainment characterized by exposure of Specified Anatomical Areas.

Adult Retail Store: A business in which a substantial portion of the stock in trade consists of items or products other than printed matter characterized by an emphasis on Specified Sexual Activities or Specified Anatomical Areas, or both.

Adult Theater: A business with a capacity of more than five (5) persons which offers customers motion or still picture or live entertainment or performances characterized by exposure of Specified Anatomical Areas.

Specified Anatomical Areas: Less than completely and opaquely covered human genitals, pubic region, buttock; human genitals in a discernibly erect state, even if completely and opaquely covered; or any combination of the aforementioned.

Specified Sexual Activities: Depiction of male genitalis in a state of sexual stimulation or arousal; female genitalis; acts of masturbation, sexual intercourse, oral copulation, sodomy, bestiality; touching of human genitalis, pubic region, buttock, anus; or any combination of the aforementioned.

Viewing Booth: An enclosure or partial enclosure which contains any electrical or mechanical device, which displays or projects any film, videotape or photographic reproduction into the viewing area of motion or still pictures characterized by exposure of Specified Anatomical Areas, and which enclosure or partial enclosure is authorized for occupancy by Uniform Building Code standards by no more than five (5) persons.

D. Section 4-10-152, Location Requirements for Adult Business.

(a) A Structure housing an Adult Business shall be located at least 1,000 feet from any residential PD, 1F-2, 1F-3, 2F, TH-1, TH-2, MD-1, MD-2, MF-1, MF-2, and MH Zoning District boundary line, or from any Structure used as a residence, church, Public or Denominational Schools, hospitals, licensed child care facility, Hotel or Motel, Parks or Playgrounds (public), Playfields or Stadiums (Public), Institutions of Religious, Charitable, or Philanthropic Nature, and from any other Structure housing an Adult Business.

(b) Distance requirements are to be measured in a straight line in all directions from the Structure housing the Adult Business to any residentially Zoned District boundary line; to any Structure used for a residence, church, school, or hospital; any Lot used for a park; and from Structure to Structure of those facilities housing Adult Businesses.

(c) The measurements to a Structure shall be taken from the farthest point that a Structure extends in the direction of the measurement, including overhanging roofs and all other projections or portions of said Structure.

(d) Should an Adult Business be located in conjunction with other Buildings in a manner where said Adult Business is clearly separated from other portions of the Structure (for example, an Adult Business in a shopping center), measurements shall be taken from the boundaries of the space occupied by the Adult Business.

(e) Should an Adult Business be located in a manner where said Adult Business is situated above the ground level of a multistory Structure and is clearly separate from other activities within the structure, the Adult Business measurements shall be taken from the boundaries of the space occupied by the Adult Business, thence to the nearest point of egress (elevator or stairs), thence to the nearest ground floor exit, thence in a straight line in all directions to any residentially Zoned District boundary line; to any Structure used for a residence, church, school, or hospital; any Lot used for a park; and from Structure to Structure of those facilities housing an Adult Business.

E. Section 4-10-153, Viewing Booth Requirements for an Adult Business.

(a) Viewing Booths in an Adult Business shall be configured in such a manner that there is an unobstructed and unobstructable view of the interior area of the Viewing Booth from outside the entrance to the Viewing Booth at all times.

(b) Walls or partitions of Viewing Booths between two feet (2') and six feet (6') above floor level shall have no holes or voids in such walls or partitions.

(c) A Viewing Booth shall at all times be illuminated with not less than that amount of light provided by a 20-watt bulb.

(d) It shall be the duty of the person accepting payment from customers of an Adult Business to ensure that the Viewing Booth requirements in this Section are in compliance at all times.

F. Section 4-10-24, Nonconforming Uses and Structures.

(i) An Adult Business which is in operation on the effective date of this ordinance which does not conform to the location requirements pertaining to an Adult Business shall be a Nonconforming Use which may continue for three (3) years from the effective date hereof. Upon the expiration of three (3) years from the effective date hereof, all Nonconforming Use rights shall terminate, and the use shall be illegal and shall terminate.

(1) The Nonconforming Use, as defined herein, shall not be increased, enlarged or altered except to comply with the requirements of Section 4-10-153.

(2) If two (2) or more Adult Businesses are rendered Nonconforming by the required separation in Section 4-10-152 only, first in time is first in right. It shall be the burden of the Adult Business asserting a priority to prove its prior right.

(3) If the Owner of an Adult Business is unable to recoup its investment in such business prior to termination, it may request an extension of time by filing a request with the Planning Department ninety (90) days prior to the termination date.

  a. The application for an extension shall contain all of the data the applicant wishes to be considered in determining whether or not an extension should be granted.

  b. The City Commission may consider the application for extension and may grant additional time not to exceed one (1) year if it finds that the applicant's need outweighs the public interest in termination.

SECTION 2. The provisions of this Ordinance are intended to be severable. If any phrase, clause, sentence, paragraph or section of this ordinance is determined by a court to be invalid, it will be severed and shall not affect the validity of the remainder of the Ordinance.

SECTION 3. Violation of any of the provisions of this Ordinance shall constitute an offense punishable by a fine not to exceed Two Thousand Dollars ($2,000.00) pursuant to Sec. 1-1-5 of the Amarillo Municipal Code.

SECTION 4. This Ordinance shall become and be effective on and after its enactment and publication as required by law.

INTRODUCED AND PASSED by the City Commission of the City of Amarillo, Texas, on First Reading on this _5th_ day of _June_, 1990; and PASSED on Second and Final Reading on the _12th_ day of _June_, 1990.

Keith Adams, Mayor

ATTEST:

_Donna DeRight_
Donna DeRight, City Secretary

-5-

## ADDENDUM B
## EXHIBIT B
### ORDINANCE NO. 5863

Published
6/18/90
6/25/90
Effective
7/6/90

AN ORDINANCE AMENDING CHAPTER 14-4, AMUSE-
MENTS OF THE AMARILLO MUNICIPAL CODE BY
ENACTING LICENSING PROVISIONS FOR ADULT
BUSINESSES, AS ARE MORE FULLY SET OUT HEREIN;
PROVIDING FOR A PENALTY, SEVERABILITY AND AN
EFFECTIVE DATE.

---

BE IT ORDAINED BY THE CITY COMMISSION OF THE CITY OF AMARILLO:

SECTION 1. That Chapter 14-4, Amusements, of the Amarillo Municipal Code is hereby amended by enacting licensing requirements for Adult Businesses as follows:

### Article IV. Adult Businesses

Section 14-4-76. License required; fees.

    (a) It shall be unlawful for any person to conduct, operate, or permit to be operated for his benefit, an Adult Business as defined by Section 4-10-83 of the Amarillo Municipal Code without first having obtained a license as required herein, which license shall at all times be displayed in some conspicuous place within the licensed Premises.

    (b) The annual license fee for each Adult Business is two hundred dollars ($200.00), which shall be paid before a license may be issued.

Section 14-4-77. Application and issuance.

    (a) A license for an Adult Business shall be obtained from the Chief of Police by completing an application and meeting the requirements of this Article.

    (b) The application shall be sworn to and acknowledged and shall state:

        (1) The street address of the Premises to be licensed;

        (2) The full name, date of birth, driver's license number and residence address of the applicant;

        (3) If the Premises are leased, the names of the lessor and lessee;

        (4) If the application is on behalf of a partnership of an Adult Business, the partners' names, dates of birth, drivers' license numbers and residence addresses shall be listed.

        (5) If the application is on behalf of a corporate owner of an Adult Business, the name of the corporation, the name and address of the registered agent, and the name and address, date of birth and driver's license number of the person who is primarily responsible for the management of the Adult Business.

    (6)    Whether or not the applicant, any partner who is an owner of an Adult Business, or any person who is or will be primarily responsible for the management of the Adult Business has ever been convicted of a crime involving sex.

(c)    Any misrepresentations of the facts required by the license application shall be cause for revocation or refusal to issue a license.

(d)    Upon the filing of an application for an Adult Business license, the Chief of Police shall promptly investigate the Premises to determine whether or not the Premises meets the requirements of the Amarillo Municipal Code concerning construction, plumbing, electricity, fire safety, sanitation, zoning and the requirements of this Article.

(e)    If the Chief of Police shall determine that the application meets the applicable requirements and that the persons listed in (b)(6) above have not been convicted of a crime involving sex, he may issue a license to the applicant. Should the Chief of Police find a deficiency in the application or the Premises, he will notify the applicant, who will have five (5) working days to correct the deficiency and request a reinspection. The applicant will be required to pay twenty-five dollars ($25.00) per reinspection per application.

(f)    An applicant who is denied a license may appeal the denial by filing a written notice of appeal with the City Secretary within ten (10) days upon which a hearing will be scheduled before the City Commission at its next available regular meeting. Should the City Commission determine that a license should have been granted to the applicant, it will instruct the Chief of Police to issue a license.

Section 14-4-78. Duration, non-assignable, non-transferable.

(a)    A license issued under this Article shall terminate one (1) year from the date of issuance.

(b)    No refund of any license fee paid hereunder shall be made.

(c)    A license issued under this Article may not be assigned or transferred to another location, and shall terminate upon the death or bankruptcy of the licensee or transfer of ownership of the business.

Section 14-4-79. Viewing Booth Requirements for an Adult Business.

(a)    Viewing Booths in an Adult Business shall be configured in such a manner that there is an unobstructed and unobstructable view of the interior area of the Viewing Booth from outside the entrance to the Viewing Booth at all times.

(b)    Walls or partitions of Viewing Booths between two feet (2') and six feet (6') above floor level shall have no holes or voids in such walls or partitions.

(c)    A Viewing Booth shall at all times be illuminated with not less than that amount of light provided by a 20-watt bulb.

(d)    It shall be the duty of the person accepting payment from customers of an Adult Business to ensure that the Viewing Booth requirements in this Section are in compliance at all times.

Section 14-4-80. Inspections; violations; revocation of license.

(a) As a condition of issuance, the applicant for a license under this Article shall agree to maintain the Premises in compliance with the requirements of the Amarillo Municipal Code and to authorize the agents and employees of the City of Amarillo to inspect the Premises or any portion thereof at any time during business hours.

(b) The person in control of an Adult Business shall not authorize or allow any person under the age of twenty-one (21) years to enter or patronize such Adult Business. A single violation of this requirement shall constitute an offense and cause for revocation of the license for the Adult Business.

(c) Should the Chief of Police determine that an Adult Business is not in compliance with the requirements of the Amarillo Municipal Code, he may at any time give notice in writing to the licensee, or the person in control if the licensee cannot be easily located, of the violation and that the license is in jeopardy of revocation if the violation is not corrected by the following business day. Should the violation be not corrected by the following business day, the Chief of Police may revoke and cancel the license.

(d) The licensee may abate the revocation by filing a written appeal with the City Secretary within ten (10) days, upon which a hearing will be scheduled before the City Commission at its next available regular meeting. Should the City Commission determine that the Adult Business is not in compliance with the Amarillo Municipal Code as charged by the Chief of Police, the license may be finally revoked and cancelled.

(e) Every day of operation of an Adult Business after cancellation and revocation of a license shall constitute an offense punishable by a fine of not less than five hundred dollars ($500.00).

(f) Any person, corporation or partnership who has had a license revoked for a violation of the license or zoning requirements regulating Adult Businesses shall not be granted a license for a period of ten (10) years from the date of revocation.

SECTION 2. Violation of any of the provisions of this ordinance shall constitute an offense punishable by a fine not to exceed five hundred dollars ($500.00). Each day a violation occurs shall constitute a separate offense.

SECTION 3. The requirements of this ordinance are intended to be severable. Should any word, phrase, clause, sentence, paragraph or section of this ordinance be adjudicated invalid, it shall be severed and shall not affect the validity of the remainder of the ordinance.

SECTION 4. This ordinance shall become and be effective on and after August 1, 1990.

-3-

1080

INTRODUCED AND PASSED by the City Commission of the City of Amarillo, Texas, on First Reading on this _5th_ day of _June_, 1990; and PASSED on Second and Final Reading on this _12d_ day of _June_, 1990.

_____
Keith Adams, Mayor

ATTEST:

_Donna DeRight_
Donna DeRight, City Secretary

-4-

ADDENDUM C

Published
1/2/92
1/9/92
Effective
1/20/92

ORDINANCE NO. 5942

AN ORDINANCE AMENDING CHAPTER 14-4 AMUSEMENTS, OF THE AMARILLO MUNICIPAL CODE BY AMENDING THE ADULT BUSINESS LICENSEE REQUIREMENTS OF SEC. 14-4-76, ET SEC, TO LIMIT THE NUMBER OF DAYS IN WHICH A LICENSE CAN BE GRANTED AS IS MORE FULLY SET OUT HEREIN AND PROVIDING AN EFFECTIVE DATE.

BY IT ORDAINED BY THE CITY COMMISSION OF THE CITY OF AMARILLO:

SECTION 1. That Chapter 14-4, Amusements, of the Amarillo Municipal Code is hereby amended by amending the enumerated subsections thereof as follows:

(A) Section 14-4-77

    (a) through (d) no change

    (e) If the Chief of Police shall determine that the application meets the requirements and that the persons listed in (b) (6) above have not been convicted of a crime involving sex, he shall [may] issue a license to the applicant within eleven (11) days of filing the application. Should the Chief of Police find a deficiency in the application or the premises, he will notify the applicant before the expiration of said eleven (11) day period, who will have five (5) working days (of City Hall), to correct the deficiency and request a reinspection. Reinspection will occur within three (3) working days, and upon correction of the noted deficiencies having been found a license will be issued on the following working day. The applicant will be required to pay twenty-five ($25.00) per reinspection per application.

    (f) An applicant who is denied a license may appeal the denial to District Court as authorized by law. [By-filing-a-written-notice-of-appeal-with-the-City Secretary-within-ten-(10)-days-upon-which-a-hearing will-be-scheduled-before-the-City-Commission-at-its next-available-regular-meeting.---Should-the-City Commission-determine-that-a-license-should-have been-granted-to-the-applicant,-it-will-instruct-the Chief-of-Police-to-issue-a-license.]

(B) Section 14-4-80

    (a) through (c) no change.

    (d) The licensee may abate the revocation by filing an [a-written] appeal with a district court and obtaining a Temporary Restraining Order. [with-the City-Secretary-within-ten-(10)-days,-upon-which-a hearing--will--be--scheduled--before---the--City Commission-at-its-next-available-regular-meeting. Should-the-City-Commission-determine-that-the-adult business--is--not--in--compliance--with--the--Amarillo Municipal-Code-as-charged-by-the-Chief-of-Police, the-license-may-be-finally-revoked-and-cancelled.]

-1-

1082

(o) and (f) no change.

SECTION 2. This ordinance shall become and be effective on and after its date of final passage.

INTRODUCED AND PASSED by the City Commission of the City of Amarillo, Texas on First Reading the 17th day of December, 1991, and PASSED on Second and Final Reading the 24th day of December, 1991.

Keith Adams, Mayor

ATTEST:

Donna DeRight, City Secretary

THE STATE OF TEXAS
COUNTIES OF POTTER AND RANDALL
CITY OF AMARILLO

The undersigned City Secretary of the City of Amarillo in State and Counties aforesaid hereby certifies that the attached and foregoing document is a true and correct copy of a part of records, papers and books in the Office of the City Secretary and that I am the custodian of such papers, books and records as an officer of the City of Amarillo.
Witness my hand and official seal this 27th of February, 19 92.

Donna DeRight
City Secretary
City of Amarillo, Texas

-2-

ON PETITION FOR REHEARING

Aug. 24, 1994

IT IS ORDERED that the petition for rehearing filed in the above case is denied. We have awarded fees but have left to the district court the setting of amount. The district court is better equipped to conduct a hearing on reasonableness should counsel be unable to agree. We urge counsel to attempt to reach agreement.