ORIGINAL

**FILED**

02/20/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0099

## IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0099

IN THE MATTER OF:

H.K.,                                                    O R D E R

A Youth in Need of Care.

**FILED**

FEB 2 0 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Appellants T.K. and K.K. have moved to stay the District Court proceedings in the Seventeenth Judicial District Court, Valley County, in its Cause No. DN-2023-03, pending the Court's resolution of the appeal they filed several days ago from an injunctive order entered therein by the District Court. T.K. and K.K. acknowledge that they have not complied with the procedure set forth in M. R. App. P. 22(1) in first seeking a stay in the District Court, but urge this Court to find extraordinary circumstances under M. R. App. P. 22(4) and immediately consider their motion, as they seek relief from a contempt hearing set before the District Court for Wednesday, February 21, 2024, at 9:00 a.m.

The underlying case is a dependency-neglect matter, the confidentiality of which is protected by law. Section 41-3-205, MCA. On January 18, 2024, the District Court issued its Order Enjoining Disclosure of Confidential Information, which provided:

> IT IS HEREBY ORDERED THAT ALL PARTIES to this dependency and neglect matter are ENJOINED from disclosing any further records or reports, or making any statements or interviews, in any social media of news media (electronic, print, video), in any unauthorized manner regarding the Youth's physical or mental health, state of mind, or involvement in the above referenced dependency and neglect matter, absent express permission from this Court.

> IT IS FURTHER ORDERED, that [T.K. and K.K.] shall DELETE any video or other statements they have previously made, from any social media or news media, directly linked to this dependency and neglect matter, to prevent

further dissemination of the Youth's confidential mental and physical health care information.

T.K. and K.K. did not immediately challenge the District Court's order. On January 23, 2024, the District Court issued an Order Setting Hearing on Motion for Contempt of Court, in response to a motion for contempt filed by the youth's attorney, alleging that T.K. and K.K. had violated the January 18, 2024 order. On January 29, 2024, the court continued the contempt hearing, initially set for that day, and reset it for February 21, 2024.

T.K. and K.K. then petitioned this Court for supervisory control. On February 6, 2024, we denied and dismissed their first petition, filed February 5, 2024, without prejudice, noting that we were unable to consider the merits of their petition as they had failed to include the January 18, 2024 Order for our review, as required by M. R. App. P. 14(5)(b)(iv). *T.K. and K.K. v. Mont. Seventeenth Judicial Dist. Court*, No. OP 24-0071, Order (Mont. Feb. 6, 2024). On February 7, 2024, T.K. and K.K. again petitioned for writ of supervisory control, this time providing the January 18, 2024, Order Enjoining Disclosure of Confidential Information for our review. Upon review of the order at issue, we determined that it was an injunction and, as such, it was immediately appealable under M. R. App. P. 6(3)(e) and thus not susceptible to review on petition for writ. *T.K. and K.K. v. Mont. Seventeenth Judicial Dist. Court*, No. OP 24-0078, Order (Mont. Feb. 13, 2024).

On February 14, 2024, T.K. and K.K. filed a Notice of Appeal with this Court. They filed the present motion to stay after 9:00 p.m. on Friday, February 16, 2024.

In the motion, T.K. and K.K. move to stay tomorrow's hearing, arguing that they are entitled to a stay because the injunctive order at issue is a prior restraint and "'[I]f a State seeks to impose a restraint of this kind, it must provide strict procedural safeguards, including immediate appellate review. Absent such review, the State must instead allow a stay.' *National Socialist Party of America v. Skokie*, 432 U.S. 43, 44 (1977)."

M. R. App. P. 22(2)(a) provides that a motion for relief under this Rule must, among other factors, demonstrate good cause for the relief requested. As noted above, since the

2

appellants have not complied with M. R. App. P. 22(1), they must further demonstrate extraordinary circumstances to obtain relief. M. R. App. P. 22(4). The contempt hearing is prompted by allegations that Petitioners violated the injunctive order. There is not yet an evidentiary record on which we can determine whether the statute governing confidentiality of the proceeding has been violated, and whether Petitioners have violated the injunction. Given these considerations, we cannot conclude at this juncture that extraordinary circumstances justifying issuance of a stay in departure from the rules is warranted. Therefore,

IT IS ORDERED that the motion for stay is DENIED.

IT IS FURTHER ORDERED that the District Court may proceed with its February 21, 2024 hearing.

The Clerk is directed to provide immediate notice of this order to all counsel of record, to the Clerk of Valley County District Court, and to the Honorable Yvonne Laird, presiding District Court Judge.

DATED this 20th day of February, 2024.

Chief Justice

Justices

3