THE STATE EX REL. NEWS HERALD ET AL. *v.* OTTAWA COUNTY
COURT OF COMMON PLEAS, JUVENILE DIVISION.

[Cite as *State ex rel. News Herald v. Ottawa Cty. Court of
Common Pleas, Juv. Div.* (1996), 76 Ohio St.3d 1220.]

(No. 96–1463—Submitted July 24, 1996—Decided August 1, 1996.)

---

*Baker & Hostetler, David L. Marburger, Hilary W. Rule* and *Elizabeth A. McNellie,* for relators.

*Connelly, Soutar & Jackson, William M. Connelly, Kevin E. Joyce* and *Sarah Steele Riordan,* for respondent.

---

This cause originated in this court on the filing of a complaint for a writ of prohibition. Upon consideration of relators' motion to clarify alternative writ or, in the alternative, to expedite briefing schedule,

The court finds, *sua sponte,* upon reconsideration of its order granting an alternative writ, that whatever the apparent merits of relators' complaint, a writ of prohibition is not the appropriate remedy to challenge the constitutionality of the order of a trial judge. Because relators' complaint does not challenge the jurisdiction of the inferior court,

IT IS ORDERED by the court, *sua sponte,* that this cause be, and hereby is, dismissed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. I respectfully dissent. The judgment of the majority admits, in effect, that there is merit to relators' claim. This seems to have been confirmed by our granting of an alternative writ when the matter was first before us. Now the majority dismisses the cause, leaving relators with no effective remedy. That, of course, is one of the reasons gag orders are effective. There is no way, given today's decision, to attack such an order until a case is concluded. Then, upon direct appeal, if we say that gag orders in general and this gag order in particular are bad and should not be entered, so what? The murky road I described in my dissent in *In re T.R.* (1990), 52 Ohio St.3d 6, 24–27, 556 N.E.2d 439, 456–459, is now very much in evidence. We are now on a very slippery

slope. For us to say that such gag orders are or might be wrong but, on the other hand, not to provide a remedy for correction simply means that this court, the last bastion for the protection of the First Amendment, is, itself, gagged.