THE STATE EX REL. NEWS HERALD ET AL. *v.* OTTAWA COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION.

[Cite as *State ex rel. News Herald v. Ottawa Cty. Court of Common Pleas, Juv. Div.* (1996), 77 Ohio St.3d 40.]

(No. 96–1463—Submitted September 10, 1996—Decided October 10, 1996.)

42

*Baker & Hostetler, David L. Marburger, Hilary W. Rule* and *Anthony J. Franze,* for relators.

*Connelly, Soutar & Jackson, Kevin E. Joyce, William M. Connelly* and *Sarah Steele Riordan,* for respondent.

DOUGLAS, J. Before us is the motion of relators for reconsideration of the August 1, 1996 order of a majority of this court which, *sua sponte,* dismissed relators' action seeking a writ of prohibition. The order dismissing relators' prohibition action stated that "a writ of prohibition is not the appropriate remedy to challenge the constitutionality of the order of a trial judge." 76 Ohio St.3d 1220, 668 N.E.2d 510. However, a majority of this court now agrees that dismissal of relators' prohibition action was improper. Accordingly, we grant the motion for reconsideration.

## I

### Prohibition

There is a long line of cases holding that an action for a writ of prohibition is the proper vehicle to challenge an order of a trial court which orders closure of court proceedings. In fact, historically, it has been held that prohibition is the *only* remedy available to nonparties who wish to challenge an order which restricts the rights of free speech and press of such nonparties. The citations to just three of the cases will suffice.

In *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 330, 59 O.O.2d 387, 389, 285 N.E.2d 22, 24, this court held that prohibition is the appropriate remedy to both prevent excesses of lower tribunals and to invalidate orders already made that engage in such excesses. In *State ex rel. Dayton Newspapers, Inc. v. Phillips* (1976), 46 Ohio St.2d 457, 75 O.O.2d 511, 351 N.E.2d 127, this court held, at paragraphs one and two of the syllabus, that "[a] writ of prohibition provides an appropriate remedy to prevent the enforcement by a trial court of an order improperly excluding the public and members of the press from pretrial hearings * * *," and "[a] newspaper has standing to seek a writ of prohibition to prevent a trial court from enforcing an order improperly excluding the public and reporters for the news media from pretrial hearings * * *." Even more recently we decided in *In re T.R.* (1990), 52 Ohio St.3d 6, 556 N.E.2d 439, certiorari denied (1990), 498 U.S. 958, 111 S.Ct. 386, 112 L.Ed.2d 396, at paragraph one of the syllabus, that "[i]nterlocutory orders of a trial court restricting public access to pending litigation are not final, appealable orders, and may be challenged during the pendency of the litigation *only* through an action for a writ of prohibition.

Members of the press and public who seek access to a closed court proceeding have standing to seek a writ of prohibition for this purpose." (Emphasis added.)

The federal law is no different. The United States Supreme Court has held that "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Assn. v. Stuart* (1976), 427 U.S. 539, 559, 96 S.Ct. 2791, 2803, 49 L.Ed.2d 683, 697. Therefore, the First Amendment demands that the court systems of the several states provide challengers of such restraints with *immediate* judicial remedies. *Natl. Socialist Party of Am. v. Skokie* (1977), 432 U.S. 43, 44, 97 S.Ct. 2205, 2206, 53 L.Ed.2d 96, 98.

Clearly, prohibition is the proper action to be brought to test the trial court's gag order in *Fabian.* The gag order in *Fabian* prohibits relators from publishing certain information lawfully gathered by them in proceedings which are open to the public. However, this court's August 1 order dismissing the prohibition action effectively left these relators, who are *nonparties* in the underlying juvenile court action, without any remedy to challenge the constitutionality of this prior restraint on free speech. Accordingly, we vacate the August 1, 1996 order dismissing relators' prohibition action, since that order improperly deprived relators of the right to challenge the constitutionality of the trial court's prior restraints on media publication.

## II

### Prior Restraint

Prior restraints on media publication are presumptively unconstitutional. See, generally, *New York Times Co. v. United States* (1971), 403 U.S. 713, 714, 91 S.Ct. 2140, 2141, 29 L.Ed.2d 822, 824–825. In fact, research reveals that apparently the United States Supreme Court has never permitted a prior restraint on pure speech. *In re Providence Journal Co.* (C.A.1, 1986), 820 F.2d 1342, 1348, certiorari granted (1987), 484 U.S. 814, 108 S.Ct. 65, 98 L.Ed.2d 28, certiorari dismissed (1988), 485 U.S. 693, 108 S.Ct. 1502, 99 L.Ed.2d 785. Accordingly, in *Craig v. Harney* (1947), 331 U.S. 367, 374, 67 S.Ct. 1249, 1254, 91 L.Ed. 1546, 1551, the court said that "[a] trial is a public event. What transpires in the court room is public property. * * * Those who see and hear what transpired can report it with impunity. There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it." See, also, *Oklahoma Publishing Co. v. Dist. Court* (1977), 430 U.S. 308, 97 S.Ct. 1045, 51 L.Ed.2d 355; *Nebraska Press Assn. v. Stuart, supra,* 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683; *Cox Broadcasting Corp. v. Cohn* (1975), 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328.

The order of the trial court in *Fabian* is a classic order of prior restraint. The order prohibited publication of information legally obtained by relators. Relators were threatened with criminal contempt if they violated the order by publishing. Upon consideration of the merits and the evidence of record, we find that the gag order in *Fabian* is patently unconstitutional. Therefore, a writ of prohibition barring the trial court from enforcing the gag order is hereby allowed. However, with respect to the juvenile court records that relators have sought to have disclosed (*i.e.*, the case number in *Fabian*, the docket sheet and the prosecutor's motion to try Fabian as an adult), we note that an action in mandamus—not prohibition—is the appropriate vehicle to seek disclosure of such records.[2] Therefore, relators' request for a writ of prohibition in connection with the trial court's refusal to disclose the juvenile court records is hereby denied.

### III

### Conclusion

For the reasons stated herein, we grant relators' request for reconsideration of this court's prior judgment in this case. In so doing, we adhere to established precedent holding that the remedy of prohibition is the appropriate (and maybe only) vehicle for a nonparty to obtain review of an interlocutory gag order. We allow a writ of prohibition to dissolve the gag order in *Fabian*, but deny the writ to the extent it seeks to compel the trial court to disclose the case number in *Fabian*, the docket sheet, and pleadings filed in the juvenile court action.

*Reconsideration granted*
*and writ allowed in part.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.