[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 40.]

THE STATE EX REL. NEWS HERALD ET AL. *v*. OTTAWA COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION.

[Cite as *State ex rel. News Herald v. Ottawa Cty. Court of Common Pleas, Juv. Div.*, 1996-Ohio-354.]

*Motion for reconsideration of Supreme Court order dismissing action seeking writ of prohibition—Reconsideration granted and writ allowed in part, when.*

(No. 96-1463—Submitted September 10, 1996—Decided October 10, 1996.)

IN PROHIBITION.

ON RECONSIDERATION.

———————————

{¶ 1} The Ottawa County Court of Common Pleas, Juvenile Division, respondent, has pending before it a case known as *In the Matter of Kevin Fabian, Alleged Delinquent Child*. The delinquency proceedings had been initiated against Kevin Fabian on February 20, 1996. The *Fabian* case arose as a result of a 1994 drive-by shooting in which Fabian, then age sixteen, was alleged to have participated. The juvenile court case has drawn considerable local media attention.

{¶ 2} On or after February 20, 1996, the Ottawa County Prosecutor moved the trial court in *Fabian* to commence proceedings pursuant to Juv.R. 30 to transfer Fabian to the general division of the common pleas court to be tried as an adult. The trial court set the Juv.R. 30(A) probable cause hearing for June 24, 1996. On June 12, 1996, the Port Clinton *News Herald* moved the trial court to permit the public, including the press, to attend the juvenile court proceedings in *Fabian* or, in the alternative, to conduct an evidentiary hearing to determine whether closure was appropriate. The trial court held the requested evidentiary hearing on June 24, 1996. At the hearing, both the assistant prosecutor and Fabian's counsel argued in

favor of barring the public from the proceedings. However, neither the assistant prosecutor nor Fabian's attorney offered any evidence indicating that opening the juvenile court proceedings to the press and public would harm Fabian or jeopardize the fairness of the proceedings against him.

{¶ 3} Following the June 24, 1996 closure hearing, the trial court determined that the bindover proceedings were to remain open to the public and the press. However, the trial court *sua sponte* issued a contemporaneous "gag" order which was later committed to writing in the form of a judgment entry. The gag order provides, in part, that "no media representative shall publicly report or personally discuss the case until the final decree on certification [certifying Fabian to be tried as an adult] is entered by the Court." Additionally, the trial court refused to allow the *News Herald* to inspect the docket sheet in *Fabian* and the various pleadings that had been filed in the case, such as the delinquency complaints and the prosecutor's motion to try Fabian as an adult.[1]

{¶ 4} On June 24 and 25, 1996, the trial court in *Fabian* conducted open sessions of the Juv.R. 30(A) preliminary hearing. Thereafter, the trial court scheduled a Juv.R. 30(B) hearing for August 9, 1996, to determine whether to transfer jurisdiction over Fabian to the adult criminal justice system.

{¶ 5} On June 25, 1996, three Ohio newspapers, the Port Clinton *News Herald,* the Fremont *News-Messenger* and the Sandusky *Register* (collectively "relators") filed an original action in this court seeking the issuance of a writ of prohibition "barring any enforcement by respondent of the portion of the order at issue here barring relators from disclosing certain information, and barring enforcement of the court-imposed confidentiality of the case number assigned to

---

1. Apparently, the News Herald was able to obtain copies of the delinquency complaints from an independent source, but has not been able to acquire the docket sheet or any other court record in *Fabian*, including the prosecutor's motion to try Fabian as an adult and the case number assigned to *Fabian*.

Fabian, docket sheet, and motion to try Fabian as an adult." On June 28, 1996, this court granted an alternative writ and set a schedule for the submission of briefs and the presentation of evidence. See 76 Ohio St.3d 1203, 667 N.E.2d 404.

{¶ 6} On June 29, 1996, *after* this court had issued the alternative writ, relators published news that had been embargoed under the trial court's gag order. In reporting the information, relators apparently believed that this court's issuance of the alternative writ had stayed the juvenile court's gag order in *Fabian* and had permitted them to publish. Conversely, the trial judge in *Fabian* viewed the alternative writ as having stayed only his authority to convene contempt proceedings against relators. Therefore, on July 1, 1996, the trial judge in *Fabian* advised relators that if relators did not ultimately prevail in the prohibition action, he would hold relators in contempt for having published information contrary to the gag order. Accordingly, on July 9, 1996, relators moved this court for clarification of the alternative writ or, in the alternative, for an expedited briefing schedule and an expedited ruling on the merits of the prohibition action. However, on August 1, 1996, a majority of this court dismissed relators' prohibition action, stating:

"This cause originated in this court on the filing of a complaint for a writ of prohibition. Upon consideration of relators' motion to clarify alternative writ or, in the alternative, to expedite briefing schedule,

"The court finds, *sua sponte*, upon reconsideration of its order granting an alternative writ, that whatever the apparent merits of relators' complaint, *a writ of prohibition is not the appropriate remedy to challenge the constitutionality of the order of a trial judge*. Because relators' complaint does not challenge the jurisdiction of the inferior court,

"IT IS ORDERED by the court, *sua sponte*, that this cause be, and hereby is, dismissed." (Emphasis added.) 76 Ohio St.3d 1220, 668 N.E.2d 510.

**{¶ 7}** Relators now seek reconsideration of the order of the majority of this court which, *sua sponte*, dismissed relators' action for a writ of prohibition.

_____

*Baker & Hostetler*, *David L. Marburger*, *Hilary W. Rule*, and *Anthony J. Franze*, for relators.

*Connelly, Soutar & Jackson*, *Kevin E. Joyce*, *William M. Connelly* and *Sarah Steele Riordan*, for respondent.

_____

**DOUGLAS, J.**

**{¶ 8}** Before us is the motion of relators for reconsideration of the August 1, 1996 order of a majority of this court which, *sua sponte*, dismissed relators' action seeking a writ of prohibition. The order dismissing relators' prohibition action stated that "a writ of prohibition is not the appropriate remedy to challenge the constitutionality of the order of a trial judge." 76 Ohio St.3d 1220, 668 N.E.2d 510. However, a majority of this court now agrees that dismissal of relators' prohibition action was improper. Accordingly, we grant the motion for reconsideration.

I

Prohibition

**{¶ 9}** There is a long line of cases holding that an action for a writ of prohibition is the proper vehicle to challenge an order of a trial court which orders closure of court proceedings. In fact, historically, it has been held that prohibition is the *only* remedy available to non-parties who wish to challenge an order which restricts the rights of free speech and press of such non-parties. The citations to just three of the cases will suffice.

**{¶ 10}** In *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 330, 59 O.O.2d 387, 389, 285 N.E.2d 22, 24, this court held that prohibition is the appropriate remedy to both prevent excesses of lower tribunals and to invalidate

orders already made that engage in such excesses. In *State ex rel. Dayton Newspapers, Inc. v. Phillips* (1976), 46 Ohio St.2d 457, 75 O.O.2d 511, 351 N.E.2d 127, this court held, at paragraphs one and two of the syllabus, that "[a] writ of prohibition provides an appropriate remedy to prevent the enforcement by a trial court of an order improperly excluding the public and members of the press from pretrial hearings * * *," and "[a] newspaper has standing to seek a writ of prohibition to prevent a trial court from enforcing an order improperly excluding the public and reporters for the news media from pretrial hearings * * *." Even more recently we decided in *In re T.R.* (1990), 52 Ohio St.3d 6, 556 N.E.2d 439, certiorari denied (1990), 498 U.S. 958, 111 S.Ct. 386, 112 L.Ed.2d 396, at paragraph one of the syllabus, that "[i]nterlocutory orders of a trial court restricting public access to pending litigation are not final, appealable orders, and may be challenged during the pendency of the litigation *only* through an action for a writ of prohibition. Members of the press and public who seek access to a closed court proceeding have standing to seek a writ of prohibition for this purpose." (Emphasis added.)

{¶ 11} The federal law is no different. The United States Supreme Court has held that "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Assn. v. Stuart* (1976), 427 U.S. 539, 559, 96 S.Ct. 2791, 2803, 49 L.Ed.2d 683, 697. Therefore, the First Amendment demands that the court systems of the several states provide challengers of such restraints with *immediate* judicial remedies. *Natl. Socialist Party of Am. v. Village of Skokie* (1977), 432 U.S. 43, 44, 97 S.Ct. 2205, 2206, 53 L.Ed.2d 96, 98.

{¶ 12} Clearly, prohibition is the proper action to be brought to test the trial court's gag order in *Fabian*. The gag order in *Fabian* prohibits relators from publishing certain information lawfully gathered by them in proceedings which are open to the public. However, this court's August 1 order dismissing the prohibition

action effectively left these relators, who are *non-parties* in the underlying juvenile court action, without any remedy to challenge the constitutionality of this prior restraint on free speech. Accordingly, we vacate the August 1, 1996 order dismissing relators' prohibition action since that order improperly deprived relators of the right to challenge the constitutionality of the trial court's prior restraints on media publication.

## II

## Prior Restraint

{¶ 13} Prior restraints on media publication are presumptively unconstitutional. See, generally, *New York Times Co.* v. *United States* (1971), 403 U.S. 713, 714, 91 S.Ct. 2140, 2141, 29 L.Ed.2d 822, 824-825. In fact, research reveals that apparently the United States Supreme Court has never permitted a prior restraint on pure speech. *In re Providence Journal Co.* (C.A.1, 1986), 820 F.2d 1342, 1348, certiorari granted (1987), 484 U.S. 814, 108 S.Ct. 65, 98 L.Ed.2d 28, certiorari dismissed (1988), 485 U.S. 693, 108 S.Ct. 1502, 99 L.Ed.2d 785. Accordingly, in *Craig v. Harney* (1947), 331 U.S. 367, 374, 67 S.Ct. 1249, 1254, 91 L.Ed. 1546, 1551, the court said that "[a] trial is a public event. What transpires in the court room is public property. * * * Those who see and hear what transpired can report it with impunity. There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it." See, also, *Oklahoma Publishing Co. v. Dist. Court* (1977), 430 U.S. 308, 97 S.Ct. 1045, 51 L.Ed.2d 355; *Nebraska Press Assn. v. Stuart, supra,* 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683; *Cox Broadcasting Corp. v. Cohn* (1975), 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328.

{¶ 14} The order of the trial court in *Fabian* is a classic order of prior restraint. The order prohibited publication of information legally obtained by relators. Relators were threatened with criminal contempt if they violated the order

by publishing. Upon consideration of the merits and the evidence of record, we find that the gag order in *Fabian* is patently unconstitutional. Therefore, a writ of prohibition barring the trial court from enforcing the gag order is hereby allowed. However, with respect to the juvenile court records that relators have sought to have disclosed (*i.e.*, the case number in *Fabian*, the docket sheet and the prosecutor's motion to try Fabian as an adult), we note that an action in mandamus -- not prohibition -- is the appropriate vehicle to seek disclosure of such records.[2] Therefore, relators' request for a writ of prohibition in connection with the trial court's refusal to disclose the juvenile court records is hereby denied.

III

Conclusion

{¶ 15} For the reasons stated herein, we grant relators' request for reconsideration of this court's prior judgment in this case. In so doing, we adhere to established precedent holding that the remedy of prohibition is the appropriate (and maybe only) vehicle for a non-party to obtain review of an interlocutory gag order. We allow a writ of prohibition to dissolve the gag order in *Fabian,* but deny the writ to the extent it seeks to compel the trial court to disclose the case number in *Fabian*, the docket sheet, and pleadings filed in the juvenile court action.

*Reconsideration granted*

*and writ allowed in part.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

---

2. But, see, Juv.R. 37(B).