DECISION AND JUDGMENT ENTRY
Relator, The Dispatch Printing Company, filed a Complaint for Writ of Prohibition asking this court to order respondent, Judge Jan Michael Long, to vacate his order of the closure of the Amenability Hearing of Donald Shaffer and to prohibit Judge Long from closing any further judicial proceedings until all requirements prescribed by the Ohio Constitution and the United States Constitution have been met. Donald Shaffer filed a Motion to Intervene, which this court granted, and an Answer. Respondent filed a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment. Relator filed a Cross-Motion for Summary Judgment and a Memorandum in Opposition to Respondent's Motion.
Initially, we note that Prohibition is the appropriate action to challenge trial court orders restricting public access to pending litigation. See State ex rel. Plain Dealer Publishing Company v. GeaugaCounty Court of Common Pleas, Juvenile Division (2000), 90 Ohio St.3d 79. See, also, State ex rel. News Herald v. Ottawa Cty. Court of CommonPleas, Juv. Div. (1996), 77 Ohio St.3d 40; State ex rel. DaytonNewspapers, Inc. v. Phillips (1976), 46 Ohio St.2d 457. Furthermore, pursuant to R.C. 2151.35 and Juv.R. 27, juvenile courts are vested with discretion to exclude the general public from juvenile proceedings. Stateex rel. Fyffe v. Pierce (1988), 40 Ohio St.3d 8.
In his motion, Respondent asserts that he has fully complied with the law and, thus, the petition for writ of prohibition should be dismissed. Relator contends, however, that Respondent's order to deny public access to the hearing constitutes an abuse of discretion. In particular, Relator argues: (1) that no evidence was introduced at either hearing on the motion for closure; (2) that Respondent improperly took judicial notice of the evidence introduced at the earlier probable cause hearings; and (3) that the evidence which Respondent improperly noticed is not probative of the issues relating to closure.
Prior to addressing the merits of the parties' motions, we sua sponte
consider the procedural history of the matter and the legal standard that Respondent used when deciding the closure issue.
First, we note that in Geauga, the Ohio Supreme Court, citing Lias andMiami Valley Broadcasting Corp., stated that courts conducting closure hearings must permit the parties to engage in an "active and meaningful role." In light of this requirement, however, our review of the case subjudice causes us some concern. It appears that Relator did not participate in the earlier hearings on which the trial court based its conclusions. Consequently, Relator may not have had a full and meaningful opportunity to challenge the evidence presented to the court.
Second, we note that after the trial court issued its decision in the instant case, the Ohio Supreme Court decided Geauga which establishes the standard to be used when deciding closure requests in delinquency proceedings. In Geauga, the court held that closure can only be ordered after making a tripartite finding that: 1) there is a reasonable and substantial basis for believing that public access could harm the child or endanger the fairness of the adjudication; 2) the potential for harm outweighs the benefits of public access; and 3) there are no reasonable alternatives to closure. We note that in the instant case, neither the trial court's May 1 order nor the trial court's July 24 order satisfies the Geauga requirements. Furthermore, we note that the trial court's decision, finding that "the information contained in various * * * reports might cause potential psychological harm to him if disseminated to the public * * *" does not comply with the Geauga standard.
Accordingly, based upon the foregoing reasons we grant the Relator's petition for a writ of prohibition to prevent the Respondent from closing the amenability hearing as it relates to Youth Shaffer's psychological, social and family history until such a time that the trial court conducts a new evidentiary hearing affording Relator the opportunity to fully participate in an active and meaningful manner and until the trial court renders a judgment that complies with the mandates of Geauga. Respondent's motion for dismissal or, in the alternative for summary judgment, is hereby denied.
Relator's Complaint for a Writ of Prohibition is GRANTED.
The costs of this action are taxed to respondents.
The Clerk of Courts is directed to mail a copy of this Decision and Judgment Entry to all counsel and to relator personally by regular U.S. Mail.
Harsha, J. Evans, J. Concur.
 ______________________________________ Peter B. Abele, Administrative Judge