JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant Cuyahoga County Department of Children and Family Services ("CCDCFS") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm in part, vacate in part and remand to the lower court.
 I. {¶ 3} According to the case and facts, on November 17, 2003, CCDCFS was awarded permanent custody of the minor child, A.W. On March 9, 2004, CCDCFS conducted a placement staffing. On March 23, 2004, the guardian ad litem filed a motion for immediate hearing regarding CCDCFS's proposed change of placement and requested an order restraining CCDCFS from moving the child from the home of G.C. and A.C. where she resided, until further notice of the court.
 {¶ 4} On September 3, 2004, after hearing testimony regarding the placement of the child, the magistrate ordered CCDCFS to "officially place said child, [A.W.], in the home of [G.C. and A.C.] and commence procedures culminating in said child's adoption by Mr. and Mrs. [C.]." This decision was signed by the magistrate on October 8, 2004.[1] Timely objections were filed by CCDCFS in response to the magistrate's decision. On February 1, 2005, the trial court overruled CCDCFS' objections and a notice of appeal was filed in this court on March 2, 2005. On March 10, 2005, the trial court issued a revised order to correct defects in its original order. Said revised order was filed with this court on March 10, 2005 as part of CCDCFS' amended notice of appeal. It is from said revised order overruling CCDCFS's objections to the magistrate's decision that CCDCFS now brings this appeal.
 {¶ 5} CCDCFS objects to the order made by the magistrate that "CCDCFS shall officially place said child, [A.W.], in the home of [G.C. and A.C.] and commence procedures culminating in said child's adoption by Mr. and Mrs. [C.]." It is appellant's position that the juvenile court lacks the authority to decide who will adopt a child; appellant believes that such a decision is under the exclusive jurisdiction of the probate court.
 II. {¶ 6} Because of the result of the second argument, we shall address that assignment of error first. Appellant's second assignment of error states the following: "The Cuyahoga County Juvenile Court magistrate lacked jurisdiction to order that the Cuyahoga County Department of Children and Family Services commence procedures culminating in the child's adoption by the [C.]'s, as the order circumvents the jurisdiction of Probate Court."
 {¶ 7} It is well established in Ohio that in adoption matters probate courts have exclusive jurisdiction. In re Ridenour
(1991), 61 Ohio St.3d 319, 324. Further, the Supreme Court of Ohio has explicitly held that "a Probate Court has jurisdiction to hear and determine an adoption proceeding relating to a minor child notwithstanding the fact that the custody of such child is within the continuing jurisdiction of a divorce court." In reBiddle (1958), 168 Ohio St. 209, 215. This court has also previously noted that "* * * continuing jurisdiction of the juvenile court [does] not present a jurisdictional bar to adoption proceedings in probate court. * * * The probate court may exercise its jurisdiction in adoption proceedings while juvenile court has continuing jurisdiction over custody. * * *"In re Geisman (Sept. 29, 2000), Ashtabula App. No. 99-A-0071 at 4, quoting In re Hitchcock (1996), 120 Ohio App.3d 88, 103.
 {¶ 8} CCDCFS is mandated by law to seek an adoptive placement for the child and facilitate that adoption through probate court. R.C. 2151.417(G)(4).[2] The goal of adoption statutes is to protect the best interests of the child. In re Adoption ofZschach (1996), 75 Ohio St.3d 648. The power to grant or deny an adoption rests with the probate court. Ridenour,61 Ohio St.3d at 324.
 {¶ 9} Appellant argues that the juvenile court magistrate lacked jurisdiction because the juvenile court's order circumvented the jurisdiction of the probate court. We agree in part.
 {¶ 10} The guardian ad litem in this case advocated for allowing the child to remain with the C.'s, the only parents she has ever known. The one party whose sole concern is to advocate the child's best interest is the guardian ad litem. In reAdoption of Howell (1991), 77 Ohio App.3d 80, 92. The trial court's decision as to the child's best interest relative to placement will not be reversed absent an abuse of discretion. An abuse of discretion indicates that the court's decision was arbitrary, unreasonable or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 11} We find that the juvenile court in the case at bar properly evaluated the evidence and made sound, reasonable findings based on the record presented as to the issue of where the child should be placed while in permanent custody. However, the magistrate exceeded his jurisdiction when he stated the following:
"The Cuyahoga County Department of Children and FamilyServices shall * * * commence procedures culminating in saidchild's adoption by Mr. and Mrs. [C]."[3]
(Emphasis added.)
 {¶ 12} Clearly, the juvenile court has the authority to issue orders relative to the placement of a child in the permanent custody of CCDCFS. It does not have the authority to choose the adoptive parents of that child, nor is the recommendation of CCDCFS the last word on the child's best interest in an adoption. Probate court retains exclusive jurisdiction over all adoption matters.
 {¶ 13} Therefore, appellant's second assignment of error is sustained, and the portion of the trial court's entry ordering CCDCFS to commence adoption proceedings is hereby vacated. We do not overrule the portion of the trial court's order that determined the child's placement, which shall remain with the C.'s. The jurisdiction of the probate court has not yet been invoked in this matter, as no party has filed a petition for adoption. All parties seeking adoption of this child are free to file a petition for adoption with the probate court, and CCDCFS is free to respond to the probate court by consenting or filing objections to consent, pursuant to statute. Under R.C. 3107.01 et seq., the probate court has the final authority to grant or deny a petition for adoption, which may not be delegated to or usurped by a child placement agency. In re Bing (Sept. 22, 1986), Athens App. No. 1295, 1309. "The refusal of consent to an adoption by a `certified organization,' as defined in R.C.3107.01(C), does not impair the jurisdiction of the Probate Court, but the recommendations and the reports, filed pursuant to R.C. 3107.05 and 3107.10, are to be considered, in conjunction with all other evidence adduced in the proceeding, by the court in deciding the issues presented by R.C. 3107.09, viz (1) whether the petitioner is suitably qualified to care for and rear the child, and (2) whether the best interests of the child will be promoted by the adoption." In re Harshey (1974),40 Ohio App.2d 157, 161-162, citing State ex rel. Portage County Welfare Dept.v. Summers (1974), 38 Ohio St.2d 144; see, also, In re Harshey
(1975), 45 Ohio App.2d 97.
 {¶ 14} Accordingly, appellant's second assignment of error is sustained and appellant's remaining assignment of error is moot. See App.R. 12(A)(1)(c). The placement of the child is affirmed, but the portion of the trial court's decision dealing with the child's adoption is vacated. Case is hereby remanded to the juvenile court with instructions to proceed in accordance with this opinion.
It is, therefore, considered that appellants and appellee equally share the costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Rocco, J., concur.
[1] See appellant's brief, Exhibit A.
[2] R.C. 2151.417(G) states the following: "After the review hearing, the court shall take the following actions based upon the evidence presented: * * *
(4) If the child is in permanent custody, determine what actions are required by the custodial agency and of any other organizations or persons in order to facilitate an adoption of the child and make any appropriate orders with respect to the custody arrangement or conditions of the child, including, but not limited to, a transfer of permanent custody to another public children services agency or private child placing agency;"
[3]See magistrate's decision, September 3, 2004.