DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the petition for a writ of prohibition filed August 3, 2006 by relators Jared E. Danziger, Nathan G. Danziger and Samuel R. Danziger. Thereafter, this court issued an alternative writ ordering respondent to comply with relators' request or show cause why he is not required to do so. Respondent has filed an answer to the alternative writ.
 {¶ 2} Barry F. Luse, Croghan Bancshares, Inc. ("Croghan"), and Croghan Colonial Bank ("the Bank") have filed a motion to intervene as respondents to the petition in order to assert a motion to dismiss and for sanctions. Relators have filed an objection to the motion to intervene along with a "Notice of Potential Impropriety." Luse, Croghan and the Bank have filed a reply memorandum in support of their motion to intervene. All of the foregoing will be addressed following a brief summary of the history of litigation between relators and those wishing to intervene as respondents.
 {¶ 3} This case originated in 2001 as a result of a dispute over whether relators, who owned stock in Croghan Bancshares, Inc., had the right to inspect certain corporate documents in the possession of corporate secretary Barry Luse. The trial court granted summary judgment to Luse, stating that the Danzigers had no right to inspect the corporate documents. This court affirmed the trial court. Danziger v.Luse, 6th Dist. No. S-01-042, 2004-Ohio-7033. Relators appealed to the Supreme Court of Ohio, which reversed this court and remanded to the trial court in 2004. 103 Ohio St.3d 337.
 {¶ 4} In January 2005, relators filed a motion in the trial court for an amended judgment entry reflecting judgment in their favor based on the decision of the Supreme Court of Ohio and allowing them to inspect the corporate records. The trial court held a hearing and the parties filed post-hearing memoranda. On February 6, 2006, the trial court sua sponte ordered a further hearing to accept evidence from expert witnesses. Relators appealed that order to this court, asserting the trial court erred by not "carrying the Supreme Court of Ohio's Judgment Entry (Mandate) * * * into execution" and by not granting their motion for amended final judgment. In response to the appeal, Luse filed a motion to dismiss. On May 15, 2006, this court ordered the appeal dismissed, finding that the issue of the trial court's compliance with the Supreme Court's mandate was not the appropriate subject of an appeal. On July 25, 2006, the trial court filed a judgment entry finding that "there are remaining issues that have not been resolved that require additional evidence" and again denying relators' motion for an amended final judgment.
 {¶ 5} Relators now ask this court to issue a writ prohibiting the trial court from taking additional evidence in this matter. Respondent's answer summarily denies relators' allegations that: respondent intends to seek out remaining issues to resolve "notwithstanding the clear language in the Ohio Supreme court Opinion and Mandate above that there are no remaining issues"; relators will be irreparably injured if respondent holds further hearings; and relators have no other adequate remedy at law.
Motion to intervene
 {¶ 6} Civ. R. 24(A)(2) provides that intervention "shall be permitted" where the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action" and where "disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Ohio appellate courts generally allow parties to an underlying action to intervene as respondents to a petition for a writ such as the one before us which is directed to a trial judge and which concerns a motion, decision or judgment in the underlying case. State ex rel. City of Northwood v.Court of Common Pleas of Wood County, Ohio (1996), 109 Ohio App.3d 487. However, Civ. R. 24(C) mandates that such a motion "be accompanied by apleading, as defined in Civ. R. 7(A), setting forth the claim or defense for which intervention is sought." (Emphasis added.) Upon review, we find that the potential intervenors have failed to satisfy the requirements of Civ. R. 24(C). See State ex rel. Wilkinson,99 Ohio St.3d 106, 2003-Ohio-2506; Columbia Gas of Ohio, Inc. v. Henson,102 Ohio St.3d 349, 2004-Ohio-3208. The motion to dismiss filed with the motion to intervene is not a pleading as defined by Civ. R. 7(A). Accordingly, the motion to intervene and the accompanying motion for sanctions are denied.
Petition for Writ of Prohibition
 {¶ 7} In their petition, relators assert respondent intends to "seek out remaining issues to resolve notwithstanding the clear language in the Ohio Supreme Court Opinion and Mandate above that there are no remaining issues." Relators further assert they will be irreparably injured by having to suffer further litigation if the trial court is not prohibited from "this activity." They assert that the trial court has no authority to conduct additional hearings in this matter and that its only authority is the "* * * clear legal duty to follow the Supreme Court Opinion and Mandate * * *."
 {¶ 8} In its October 13, 2004 decision, the Supreme Court of Ohio determined that the Danzigers, as shareholders of Croghan Bancshares, Inc., have a common law right to inspect the books and records of Croghan's wholly-owned subsidiary, Croghan Colonial Bank, even though they are not shareholders of the bank. In its July 25, 2006 entry denying relators' motion for amended final judgment, the trial court states "there are remaining issues that have not been resolved that require additional evidence."
 {¶ 9} A writ of prohibition is an extraordinary writ issued to prevent a court from proceeding in a judicial matter in which it seeks to exercise jurisdiction it does not have under the law. State ex rel. NewsHerald v. Ottawa Cty. Court of Common Pleas (1996), 77 Ohio St. 3d 40; and State ex rel. Tempero v. Colopy (1962), 173 Ohio St. 122, paragraph two of the syllabus. Therefore, the writ is a preventive rather than a corrective remedy. State ex rel. Stefanick v. Municipal Court ofMarietta (1970), 21 Ohio St. 2d 102, 104. It is not an appropriate remedy for the correction of errors or a remedy to prevent a court from making an erroneous decision if it has subject matter jurisdiction over the case. State ex rel. Winnefeld v. Butler Cty. Court of CommonPleas (1953), 159 Ohio St. 225, 112 N.E.2d 27, paragraph one of the syllabus; and Kelley v. State ex rel. Gellner (1916), 94 Ohio St. 331, paragraph three of the syllabus.
 {¶ 10} In order for a writ of prohibition to issue, a relator must establish: "'(1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists.'" State ex rel. Fyffe v. Pierce (1988), 40 Ohio St. 3d 8, 9, quoting Commercial Savings Bank v. Wyandot Cty. Court of CommonPleas (1988), 35 Ohio St. 3d 192, 193.
 {¶ 11} As to the first prong of the test set forth above, relator has established that the Sandusky County Court of Common Pleas is about to exercise its judicial power by conducting further proceedings regarding relators' inspection of the corporate documents. Therefore, we must direct our analysis to whether the exercise of that power is unauthorized by law and whether relators otherwise have an adequate legal remedy.
 {¶ 12} A court of common pleas, as a court of general jurisdiction, has the authority to determine its own jurisdiction over both the person and subject matter of an action. Ruessman v. Flanagan (1992),65 Ohio St. 3d 464, 465. Generally, a party challenging a court's jurisdiction possesses a remedy at law by means of a direct appeal of the court's decision. Id. However, a writ of prohibition is appropriate where the court's lack of jurisdiction is "patent and unambiguous." Id. Absent such patent unambiguity, a writ of prohibition will not be granted to a party challenging a court's general jurisdiction. Goldstein v.Christiansen (1994), 70 Ohio St. 3d 232, 235, citing State ex rel.Bradford v. Trumbull Cty. Court (1992), 64 Ohio St. 3d 502.
 {¶ 13} We conclude that relators have not shown that the trial court is without legal authority to resolve the issues remaining after the decision of the Ohio Supreme Court. When the Supreme Court reversed the decision of this court, it effectively remanded the matter to the trial court. The Supreme Court's 2004 decision places no restrictions or limitations on the trial court regarding further hearings. Issues concerning the scope and conditions of the inspection of the corporate records were not before the Ohio Supreme Court. The issue before that court was a question of law: whether shareholders have a right at common law to inspect the books and records of a wholly-owned subsidiary of a corporation in which they own stock. Relators refer to "clear language" in the Supreme Court opinion that "there are no remaining issues." We find no such language in the opinion. Upon due consideration, we find that the trial court is acting within the scope of its authority by moving forward to resolve remaining issues regarding the inspection.
 {¶ 14} Based on the foregoing, we find that relators can prove no set of facts entitling them to relief and deny their petition. Relators are ordered to pay the costs of instituting this action.
PETITION DENIED
Peter M. Handwork, J., Arlene Singer, P.J., William J. Skow, J., CONCUR.