The STATE ex rel. JASON V. et al.

v.

CUBBON.

[Cite as State ex rel. Jason V. v. Cubbon, 180 Ohio App.3d 595, 2009-Ohio-267.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–08–1316.

Decided Jan. 16, 2009.

Michael R. Voorhees, for petitioners.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Assistant Prosecuting Attorney, for respondent.

_____

Osowik, Judge.

{¶ 1} This matter is before the court on petitioners' original action in prohibition, filed September 10, 2008, seeking an order prohibiting respondent, Judge Denise Navarre Cubbon of the Lucas County Court of Common Pleas, Juvenile Division, from proceeding with case No. JC 08–180254.

{¶ 2} There are no relevant facts in dispute in this matter. However, the following rather extensive procedural history is necessary for a clear understanding of the issue before this court. "Baby G." was born October 29, 2007, in Lucas County, Ohio. The birth mother and legal father (mother's husband) executed permanent surrenders and placed the infant in the permanent custody of a licensed private child-placing agency. The agency immediately placed Baby G. with petitioners, where the child has remained since November 4, 2007. On November 20, 2007, Benjamin W. timely registered with Ohio's putative father registry. On December 28, 2007, he filed a parentage complaint and petition to establish parental rights and other relief in the Fulton County Court of Common Pleas, Juvenile Division.

{¶ 3} On January 16, 2008, petitioners, who are the prospective adoptive parents of Baby G., filed a petition for adoption in the Lucas County Court of

Common Pleas, Probate Division. On January 28, 2008, petitioners filed a motion in Fulton County Juvenile Court requesting dismissal of Benjamin W.'s parentage complaint. On February 21, 2008, the Fulton County Juvenile Court transferred the proceedings initiated by Benjamin W. to the Lucas County Court of Common Pleas, Juvenile Division, pursuant to Juv.R. 11. On April 23, 2008, Benjamin W., as the putative father, filed in the Lucas County Probate Court an objection to the adoption. Additionally, Benjamin W. continues to pursue his amended parentage complaint in the Lucas County Juvenile Court, which allowed petitioners a limited entry of appearance for the sole purpose of objecting to the jurisdiction of that court to hear the parentage complaint. Petitioners' motion to dismiss was heard by the juvenile court on June 18, 2008. On July 21, 2008, the court ruled that it properly had jurisdiction to hear and determine the parentage complaint. The juvenile court directed Benjamin W., the child's birth mother, and the individual(s) or agency with possession of the child to present themselves and Baby G. for genetic testing as directed by that court.

{¶ 4} On September 10, 2008, petitioners filed in this court their original action in prohibition. Petitioners' complaint alleged that respondent has no jurisdiction over the parentage complaint pending in Lucas County Juvenile Court case No. JC 08–180254. On September 15, 2008, petitioners then filed an emergency motion for an alternative writ and stay pending the action in prohibition. Petitioners asserted that respondent had arranged for genetic testing to occur on September 16, 2008, despite the absence of a ruling at that time on the issue of jurisdiction. This court granted the emergency motion, staying "all proceedings in and orders of the Lucas County Juvenile Court in Case No. JC 08–180254." On September 18, 2008, this court issued an alternative writ, ordering the respondent to file an answer to the complaint or a motion to dismiss and setting forth a scheduling order for further filings.

{¶ 5} The matter is now before this court on motions for summary judgment filed by both parties as to the issue raised by the original action in prohibition: whether the Lucas County Juvenile Court properly has jurisdiction over the paternity action while the petition for adoption is pending in the Lucas County Probate Court.

{¶ 6} Summary judgment will be granted when there remains no genuine issue of material fact and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 7} A writ of prohibition is an extraordinary writ issued to prevent a court from proceeding in a judicial matter in which it seeks to exercise jurisdiction it does not have under the law. *State ex rel. News Herald v. Ottawa Cty.*

*Court of Common Pleas* (1996), 77 Ohio St.3d 40, 671 N.E.2d 5. In order to be entitled to the requested writ of prohibition, petitioners must establish that (1) respondent is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *Tatman v. Fairfield Cty. Bd. of Elections,* 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 14.

{¶ 8} As to the first requirement, it is not disputed in this matter that ordering a paternity test involves the exercise of judicial power by respondent. We next direct our analysis to whether the exercise of that power is unauthorized by law.

{¶ 9} A court of common pleas, as a court of general jurisdiction, has the authority to determine its own jurisdiction over both the person and subject matter of an action. *State ex rel. Ruessman v. Flanagan* (1992), 65 Ohio St.3d 464, 466, 605 N.E.2d 31. However, a writ of prohibition is appropriate where the court's lack of jurisdiction is "patent and unambiguous." Id. Absent such patent unambiguity, a writ of prohibition will not be granted to a party challenging a court's general jurisdiction. *State ex rel. Danziger v. Yarbrough,* 6th Dist. No. S–06–034, 2006-Ohio-6811, 2006 WL 3754718, ¶ 12, citing *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 235, 638 N.E.2d 541.

{¶ 10} Pursuant to R.C. 2151.23(B)(2), a juvenile court has original jurisdiction to determine the paternity of any child alleged to have been born out of wedlock pursuant to R.C. 3111.01 to 3111.18. See R.C. 3111.04(A) and 3111.06(A).

{¶ 11} It is well established in Ohio, and is not disputed herein, that the Lucas County Probate Court has original and exclusive jurisdiction over adoption proceedings pursuant to R.C. Chapter 3107. See *In re Adoption of Ridenour* (1991), 61 Ohio St.3d 319, 574 N.E.2d 1055. When the petition to adopt Baby G. was filed on January 16, 2008, exclusive jurisdiction over the adoption became vested in the Lucas County Probate Court. However, the filing of the parentage action by Benjamin W. prompted petitioners to assert that the filing of the petition for adoption in probate court essentially divests the respondent of jurisdiction to decide the pending parentage action.

{¶ 12} Petitioners' motion for summary judgment sets forth an argument that the adoption action must proceed because paternity is not a necessary element therein since any determination of paternity made after the date the petition for adoption was filed is meaningless. They assert that Benjamin W. is a putative father in the adoption proceeding and that such status cannot now change. Further, they claim that the putative father is attempting to improperly delay the adoption proceedings and that the genetic testing will only add confusion to this case. However, as stated above, the issue before this court is a narrow one, that

being whether the Lucas County Juvenile Court has jurisdiction to proceed with Benjamin W.'s paternity action.

{¶ 13} In *In re Pushcar,* 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, the Supreme Court of Ohio ruled that because an issue concerning the paternity of a minor child was pending in the juvenile court, as is the case herein, the probate court had to defer to the juvenile court and refrain from proceeding with the adoption of that child until the juvenile court adjudicated the pending matter. The probate court will retain exclusive jurisdiction over the decision as to whether the petition to adopt Baby G. would be in the child's best interest pursuant to R.C. Chapter 3107.09. *In re Ridenour,* 61 Ohio St.3d 319, 574 N.E.2d 1055; *In re A.W.,* 8th Dist. No. 86078, 2005-Ohio-4127, 2005 WL 1910653.

{¶ 14} We conclude that petitioners have not shown that Judge Cubbon of the Lucas County Juvenile Court is without legal authority to preside over the paternity action. Any arguments as to the consequences of a paternity determination, or the putative father's motivation for filing the action, are not relevant to the issue before this court.

{¶ 15} Accordingly, as a matter of law, respondent's motion for summary judgment is well taken and granted. Petitioners' motion for summary judgment is not well taken and is denied. Petitioners' request for a writ of prohibition is denied. Further, the stay issued by this court is hereby vacated. Court costs of this action are assessed to petitioners.

*Petition denied.*

HANDWORK and PIETRYKOWSKI, JJ., concur.