NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-2500

THE STATE EX REL. WBNS 10-TV, INC. *v.* HAWKINS, JUDGE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. WBNS 10-TV, Inc. v. Hawkins,* Slip Opinion No. 2019-Ohio-2500.]**

*Mandamus—Prohibition—Prohibition is the proper vehicle to challenge trial-court order closing court proceedings—Writ of prohibition granted—Writ of mandamus denied.*

(No. 2019-0189—Submitted March 26, 2019—Decided June 26, 2019.)

IN MANDAMUS AND PROHIBITION.

**Per Curiam.**

{¶ 1} This is an original action by relator, WBNS 10-TV, Inc., for writs of prohibition and mandamus against respondent, Franklin County Common Pleas Domestic Relations Court Judge Monica Hawkins.  Judge Hawkins agrees that a writ of prohibition should issue, and we hereby grant a writ of prohibition.  We deny the request for a writ of mandamus in Count One of 10-TV's complaint as moot, deny the requests in 10-TV's emergency motion for peremptory writs of

prohibition and mandamus as moot, and grant the parties' stipulated application to dismiss Count Two.

{¶ 2} On Thursday, January 31, 2019, Judge Hawkins was arrested for driving under the influence. On February 4, a reporter for 10-TV made a written request for media access to the proceedings in Judge Hawkins's courtroom scheduled for that same day. Judge Hawkins denied the request without conducting the requisite closure hearing. Her entry denying 10-TV's request was based on the ground that 10-TV did not give court personnel sufficient advance notice. However, when 10-TV asked Judge Hawkins's bailiff for a copy of the court's docket for the next day so that it could make a more timely request for media access, the court refused.

{¶ 3} On February 6, 2019, 10-TV commenced an original action seeking writs of prohibition and mandamus. Specifically, in Count One of the complaint, 10-TV sought a writ of prohibition, a writ of mandamus, or both to prevent Judge Hawkins from closing her courtroom unless and until she complied with the procedural requirements for doing so. And in Count Two, 10-TV sought a writ of mandamus to compel Judge Hawkins to produce the requested docket in compliance with Ohio's Public Records Act. At the same time that 10-TV filed the complaint, 10-TV also filed a motion for a peremptory writ of prohibition or mandamus.

{¶ 4} In accordance with an order from this court, on February 12, Judge Hawkins filed an expedited response to 10-TV's complaint and emergency-relief motion. In her response to Count One of 10-TV's complaint, she wrote that she "agrees to the issuance of a peremptory writ of prohibition requiring compliance with Sup.R. 12 and associated case law."[1] In response to 10-TV's demands for

---

1. Sup.R. 12, titled "Conditions for broadcasting and photographing court proceedings," establishes rules and procedures governing media access to courtrooms.

writs of mandamus to compel the release of public records, Judge Hawkins affirmed that "all public records requested by [10-TV] have been provided" and that it was her understanding that the mandamus requests would be dismissed as moot.

{¶ 5} Prohibition is the proper vehicle to challenge a trial-court order that closes court proceedings. *State ex rel. News Herald v. Ottawa Cty. Court of Common Pleas, Juv. Div.*, 77 Ohio St.3d 40, 43, 671 N.E.2d 5 (1996). We hereby grant a writ of prohibition and vacate any order denying courtroom access to 10-TV that was issued by Judge Hawkins without an evidentiary hearing. Our decision renders moot 10-TV's alternative request for a writ of mandamus, and we accordingly deny the request on that basis. Likewise, 10-TV's emergency motion for a peremptory writ of prohibition is denied as moot.

{¶ 6} With respect to Count Two in 10-TV's complaint, mandamus is the appropriate remedy by which to compel compliance with Ohio's Public Records Act, R.C. 149.43. *State ex rel. Physicians Comm. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. However, on April 22, 2019, the parties filed a stipulated notice of partial dismissal pursuant to Civ.R. 41, dismissing Count Two of the complaint. Pursuant to S.Ct.Prac.R. 4.05, we grant the application to dismiss Count Two.

{¶ 7} In sum, we grant a writ of prohibition, deny the request for a writ of mandamus in Count One as moot, deny the motion for peremptory writs as moot, and grant the application to dismiss Count Two.

Writ of prohibition granted

and writ of mandamus denied.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Zeiger, Tigges & Little, L.L.P., and Marion H. Little Jr., for relator.

Ron O'Brien, Franklin County Prosecuting Attorney, and Nick A. Soulas Jr., Assistant Prosecuting Attorney, for respondent.

_____